■ EDWARD E. BOURK, Respondent, v NATIONAL CLEANING, Appellant.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsalos, J.), entered April 10, 1990 in Orange County, which denied defendant's motion for summary judgment dismissing the complaint.

On January 9, 1988, plaintiff was leaving his place of work in a building owned by his employer when he slipped and fell, suffering the injuries forming the basis for this action. The claim of liability is predicated upon the fact that defendant had contracted with the employer to perform services which

included snow removal, that it had snowed on the day in question and that defendant had failed to remove an accumulation of snow and ice from the area where plaintiff fell. Following discovery, defendant moved for summary judgment dismissing the complaint upon the ground that it breached no duty of care to plaintiff as a matter of law. Supreme Court denied the motion and defendant appeals.

We reverse. In our view, defendant did not assume a duty to exercise reasonable care to prevent foreseeable harm to plaintiff *(see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226). Although there is no question that defendant's contract imposed a duty in favor of the employer, there is no basis for a finding that plaintiff was an intended third-party beneficiary of that contract *(see, supra; Moch Co. v Rensselaer Water Co.,* 247 NY 160, 164) and "mere inaction, without more, establishes only a cause of action for breach of contract" *(Eaves Brooks Costume Co. v Y.B.H. Realty Corp., supra,* at 226; *see, Moch Co. v Rensselaer Water Co., supra,* at 167; *Andreaccio v Unique Parking Corp.,* 158 AD2d 222, 227-228). Where performance of contractual obligations has induced detrimental reliance on continued performance, mere inaction may give rise to tort liability *(Eaves Brooks Costume Co. v Y.B.H. Realty Corp., supra).* Here, however, the record is devoid of evidence of plaintiff's detrimental reliance on defendant's continued performance or that defendant's actions had otherwise "advanced to such a point as to have launched a force or instrument of harm" *(Moch Co. v Rensselaer Water Co., supra,* at 168; *see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp., supra).* Accordingly, the order of Supreme Court should be reversed and the motion for summary judgment dismissing the complaint granted.

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.