■ RICHARD DICKERHOF, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Defendant, and HUDSON GENERAL CORPORATION, Appellant and Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about April 20, 1990, denying defendant Hudson's motion for summary judgment, dismissing plaintiff's amended complaint and the Port Authority's cross-claims, unanimously affirmed, without costs.

In this personal injury action for injuries sustained as a result of a fall in an airport parking lot, the Court properly denied Hudson's motion for summary judgment based solely upon the claim that it owed no duty to plaintiff. The duty of reasonable care in the performance of a contract is not always owed solely to parties to the contract, but may also inure to the benefit of third parties. *(White v Guarente, 43 NY2d 356.)* To the extent Hudson's motion was limited to this theory, we need not consider arguments, made for the first time on appeal, that plaintiff had failed to establish a triable issue of fact with respect to the claim of negligent performance of the contract. *(Recovery Consultants v Shih-Hsieh, 141 AD2d 272.)* Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.