■ James T. Raffa et al., Respondents, v Louis A. Stilloe Roofing & Siding, Inc., Appellant.—Mahoney, J. Appeal from an order of the Supreme Court (Fischer, J.), entered February 14, 1991 in Broome County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs reside on the top floor of an 11-story multiunit residential cooperative housing building in the City of Binghamton, Broome County. On September 9, 1986 the cooperative corporation contracted with defendant to remove the existing roof on the building and to install a new membrane roof. The work was done in such a manner that substantial amounts of water leaked through the roof and into plaintiffs' apartment on numerous occasions causing extensive property damage. Specifically, on July 2, 1987, a leak occurred prompting plaintiffs to manually move a bed to prevent it from being damaged. As a consequence of the physical effort by plaintiff James T. Raffa, he sustained a left inguinal hernia. Thereafter, plaintiffs commenced this action for personal injury against defendant. Following completion of discovery, defendant moved for summary judgment dismissing the complaint; plaintiffs cross-moved to dismiss the second affirmative defense in which defendant asserted that the causes of action in the complaint did not represent legally cognizable claims. For purposes of the motion, defendant conceded that it was negligent in reconstructing the roof. Supreme Court denied defen-

dant's motion and granted plaintiffs' cross motion to strike the second affirmative defense concluding, *inter alia,* that defendant owed a cognizable duty to plaintiffs. Defendant appeals.

Inasmuch as the analysis of whether a cognizable duty exists varies depending upon whether plaintiffs were in privity of contract with defendant or were intended third-party beneficiaries of a contract involving defendant *(see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220), plaintiffs' status under the contract must be determined as a threshold issue. In this regard, we reject plaintiffs' argument that their position as shareholders in the cooperative corporation which contracted with defendant renders them, by virtue of the nature of cooperative ownership, the contracting party. The provisions of Cooperative Corporation Law § 47 (1) make clear that cooperative shareholders and the cooperative corporation are *not* one and the same for purposes of contracts entered into by the latter with contractors. Moreover, there is absolutely no indication that there was a principal-agent relationship between the cooperative shareholders and the cooperative corporation regarding this contract. In addition, while not argued by plaintiffs, we likewise do not believe that they qualify as intended third-party beneficiaries. There is simply no evidence in the record that the cooperative corporation or defendant intended to allow the cooperative tenants to recover damages for a breach of this contract *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 336; *Strauss v Belle Realty Co.,* 98 AD2d 424, 426-427, *affd* 65 NY2d 399).

A conclusion that plaintiffs are not in privity of contract with defendant does not ipso facto preclude the imposition of a duty. In situations involving the existence of a duty owing from a contractee who negligently performs contractual duties to a noncontracting party, the Court of Appeals instructs that fixing the ambit of duty involves a weighing of applicable policy considerations to determine whether a tort duty should be extended in a particular case *(see, Strauss v Belle Realty Co.,* 65 NY2d 399, 402; *see also, Eaves Brooks Costume Co. v Y.B.H. Realty Corp., supra).* Because in our view the policy considerations extant herein are sufficiently analogous to those set forth by the Court of Appeals in *Eaves Brooks Costume Co. v Y.B.H. Realty Corp. (supra),* concerns of stare decisis necessitate the conclusion that the ambit of defendant's duty does not extend to plaintiffs. Accordingly, defendant is entitled to summary judgment.

Mikoll, J. P., Mercure and Crew III, JJ., concur. Ordered

that the order is reversed, on the law, without costs, cross motion denied, motion granted, summary judgment awarded to defendant and complaint dismissed.