■ LINDA C. PALKA, Respondent, v SERVICEMASTER MANAGEMENT SERVICES CORPORATION, Appellant. [599 NYS2d 734] —Mahoney, J. Appeal from a judgment of the Supreme Court

(Mycek, J.), entered April 1, 1992 in Saratoga County, upon a verdict rendered in favor of plaintiff.

In October 1987 plaintiff, a registered nurse employed by Ellis Hospital in the City of Schenectady, Schenectady County, was on duty and was assisting a patient into bed when a 12-inch, oscillating, wall-mounted fan at the foot of the bed fell and struck her on the head. The resultant injuries she sustained furnished the occasion for the instant negligence action against defendant, which had contracted with the hospital in 1985 to manage hospital maintenance. The suit was predicated upon the theory that defendant contractually was obligated to maintain the premises, including insuring that the fan was affixed properly to the wall, and failed to do so. A bifurcated trial was held. During the liability portion thereof, it was established that defendant did not install any of the hospital fans; all were installed by the hospital years before it contracted with defendant. Moreover, during the period 1982 through 1985 when the hospital ran its own maintenance department, its room inspections included an inspection of the fans to see that they were fastened securely to the wall; when defendant took over maintenance in 1985 room inspections were not continued due to fiscal restraints. Accordingly, defendant did not make any inspections of the fans. At the conclusion of plaintiff's case and again at the conclusion of the evidence, defendant moved for a directed verdict, arguing that it owed no duty to plaintiff and that, even if it did, no evidence was submitted from which it could be inferred that it had notice that the fan was loose. Supreme Court denied the motions and the jury returned a verdict finding defendant liable. Following the court's denial of defendant's subsequent motion to set aside the verdict, this appeal ensued.

We reverse. In our view, a reading of applicable precedent dictates the conclusion that defendant neither owed a cognizable duty to plaintiff nor assumed a duty to act in this instance (see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226-227; Bourk v National Cleaning, 174 AD2d 827, lv denied 78 NY2d 858). With regard to the existence of a duty, the Court of Appeals has enunciated a general policy circumscribing the orbit of duty in cases involving property damage resulting from negligent performance or nonperformance of a contractual obligation to the promisee and intended third-party beneficiaries (Eaves Brooks Costume Co. v Y.B.H. Realty Corp., supra, at 226). Recently, we extended this general principle to certain cases where the failure to perform resulted not in property damage but in personal injury (see,

*Raffa v Stilloe Roofing & Siding,* 182 AD2d 901, 902; *Bourk v National Cleaning, supra),* including a case almost on all fours with this one which arose out of a defendant promisor's failure to perform a maintenance obligation contained in a contract with the injured party's employer *(Bourk v National Cleaning, supra).* Accordingly, because plaintiff was not a contracting party and it being clear that while the maintenance contract between defendant and the hospital undoubtedly benefitted the hospital's employees, here, as in *Bourk v National Cleaning (supra),* there is no basis for finding that plaintiff was an intended third-party beneficiary *(see, e.g., Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 336; *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655; *Moch Co. v Rensselaer Water Co.,* 247 NY 160), it cannot be said that defendant owed a duty to plaintiff in this situation.

Nor do we believe that the facts establish that defendant assumed a duty to act toward plaintiff. The assumption of a duty where none otherwise would exist is predicated upon a showing that past performance of contractual duties has induced detrimental reliance in the plaintiff upon continued performance and that the subsequent inaction has resulted not merely in withholding a benefit, but in positively or actively working an injury *(see, e.g., Eaves Brooks Costume Co. v Y.B.H. Realty Corp., supra; Moch Co. v Rensselaer Water Co., supra; Bourk v National Cleaning, supra).* In our view, neither element is met here. Establishment of detrimental reliance necessitates a showing that the party changed his or her position in reliance upon continued action. Apart from the fact that plaintiff's testimony contains nothing about her reliance upon defendant, it is, in any event, difficult to see how she could have changed her position in reliance on the continuance of room inspections when defendant had never engaged in such practice in the first instance and plaintiff was not in the hospital's employ at the time defendant initially took over maintenance and discontinued the inspections. Nor is there any evidence that defendant's actions otherwise had "advanced to such a point as to have launched a force or instrument of harm" *(Moch Co. v Rensselaer Water Co., supra,* at 168; *see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp., supra).*

Casey and Harvey, JJ., concur.

Mikoll, J. P. (dissenting). We respectfully dissent. Plaintiff has made a prima facie showing that defendant, who had contracted with Ellis Hospital to provide maintenance ser-

vices, failed to maintain a wall-mounted oscillating fan which disattached from the wall and fell on plaintiff's head, injuring her. Plaintiff was a nurse tending a patient when injured. Plaintiff has raised a question of fact regarding defendant's negligence, the resolution of which was for the jury.

The evidence presented demonstrates that the hospital had a plan for inspecting fans, that defendant, who undertook maintenance services for the hospital, discontinued such inspection, that the fan in question vibrated, that the vibration caused the fan to loosen, that the fan disattached from the wall, fell and injured plaintiff.

The duty of reasonable care in the performance of a contract is not always owed solely to parties to the contract but may inure to the benefit of third parties *(Dickerhof v Port Auth.,* 174 AD2d 506, 507). The relevant inquiry here is not whether plaintiff should be afforded third-party beneficiary status but, rather, whether plaintiff is a "foreseeable" plaintiff *(see, Wells v Finnegan,* 177 AD2d 893, 894). In cases alleging negligent maintenance by a party other than the owner of the property, this court has generally found that such inquiry entails policy considerations and has declined to impose tort liability against parties other than the owners of the property on which a plaintiff was injured *(see, Raffa v Stilloe Roofing & Siding,* 182 AD2d 901, 902; *Bourk v National Cleaning,* 174 AD2d 827, *lv denied* 78 NY2d 858).

In *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.* (76 NY2d 220) the Court of Appeals, in abjuring responsibility of a promisor for damage caused to a third-party beneficiary resulting from a violation of a contract obligation to the property owner, pointed to the fact that the plaintiff was not precluded from seeking relief from the building's owners. Unlike *Eaves Brooks,* this plaintiff is relegated to a limited recovery under workers' compensation benefits because plaintiff is an employee of the hospital. The policy consideration against extending recovery to one other than the contract beneficiary is nonexistent here. The Court in *Eaves Brooks* went on to indicate that the proper inquiry is whether the defendant has assumed a duty to exercise reasonable care to prevent harm to the plaintiff. We conclude that defendant did assume such a duty to plaintiff in this case.

In *Moch Co. v Rensselaer Water Co.* (247 NY 160, 167) the Court of Appeals noted that "[i]f conduct has gone forward to such a stage that inaction would commonly result, not negatively merely in withholding a benefit, but positively or actively in working an injury, there exists a relation out of

which arises a duty to go forward". We conclude that defendant owed a duty to plaintiff and is therefore responsible in tort for its negligence. The jury properly resolved the issue against defendant. The judgment should therefore be affirmed.

Levine, J., concurs. Ordered that the judgment is reversed, on the law, without costs, defendant's motion for a directed verdict granted and the complaint dismissed.