■ JOSEPH M. PHILLIPS, Appellant, v YOUNG MEN'S CHRISTIAN ASSOCIATION, Appellant, and SPINNENWEBER CONSTRUCTION COMPANY, INC., Respondent. [625 NYS2d 752] —Cardona, P. J. Appeal from an order of the Supreme Court (Bradley, J.), entered February 1, 1994 in Ulster County, which granted a motion by defendant Spinnenweber Construction Company, Inc. for summary judgment dismissing the complaint and all cross claims against it.

On January 12, 1991, at approximately 10:00 P.M., plaintiff slipped and fell on a metal grate while walking down the ramp entrance-way to the parking lot of defendant Young Men's Christian Association (hereinafter the YMCA) and sustained injuries. Plaintiff commenced this personal injury action against both the YMCA and defendant Spinnenweber Construction Company, Inc. (hereinafter defendant), which supplied snow removal services to the YMCA through an oral agreement. Plaintiff alleged negligent design, construction and maintenance of the premises against the YMCA and negligent performance of snow removal against defendant. Each defendant cross-claimed for contribution and indemnification.

At an examination before trial, John Spinnenweber, defendant's president, testified that the oral agreement required defendant to perform snow removal upon an accumulation of one to two inches without direction or approval from the

YMCA. The agreement also provided for "automatic" sanding and salting of the ramp, that is, if defendant was already out sanding and salting other accounts it would sand and salt the ramp if, in its discretion, it was necessary. Spinnenweber stated that on the weekend of January 11 and 12, 1991, there had been a snowstorm totaling some seven inches which began on January 11 and continued into the morning of January 12. Defendant provided snow plowing, sanding and salting at the YMCA on January 11 but only provided snow plowing on January 12, which it completed at approximately 9:30 A.M. Plaintiff's accident occurred some 12 hours later.

Defendant moved for summary judgment dismissing the complaint and cross claims. Supreme Court granted the motion and dismissed the complaint and all cross claims against defendant. Both plaintiff and the YMCA appeal.

The dispositive issue is whether defendant can be held liable for plaintiff's personal injuries based upon the alleged negligent or failed performance of its contractual duties owed to the YMCA. On the record before us, we conclude that defendant did not assume "a duty to exercise reasonable care to prevent forseeable harm to the plaintiff" (Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226) by virtue of its snow removal agreement with the YMCA.

Here, defendant's snow removal obligation was not the type of comprehensive and exclusive property maintenance obligation contemplated by the Court of Appeals in Palka v Servicemaster Mgt. Servs. Corp. (83 NY2d 579) which the parties could reasonably expect to displace the YMCA's duty as a landowner to maintain the property safely (see, Downes v Equitable Life Assur. Socy., 209 AD2d 769, 769-770; Palka v Servicemaster Mgt. Servs. Corp., supra, at 588). Furthermore, plaintiff has failed to adduce evidence of his detrimental reliance on defendant's continued performance of its snow removal obligation (see, Brooks Costume Co. v Y.B.H. Realty Corp., supra, at 226; Bourk v National Cleaning, 174 AD2d 827, 828, lv denied 78 NY2d 858) "or that defendant's actions had otherwise 'advanced to such a point as to have launched a force or instrument of harm' " (Bourk v National Cleaning, supra, at 828, quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 168) resulting in an independent duty to protect plaintiff (see, Downes v Equitable Life Assur. Socy., supra, at 770). Accordingly, Supreme Court properly awarded summary judgment to defendant dismissing plaintiff's complaint.

We next address Supreme Court's dismissal of the YMCA's cross claims against defendant for contribution and indemnifi-

cation. To sustain its claim for contribution, the YMCA was required to show that defendant owed it a duty of reasonable care independent of its contractual obligations *(cf., Sommer v Federal Signal Corp., 79 NY2d 540, 551-552)* or that a duty was owed plaintiff as an injured party and that a breach of this duty contributed to the alleged injuries *(see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 125 AD2d 754, 756, affd 71 NY2d 599)*. We have already noted that defendant owed no duty of reasonable care to plaintiff under the circumstances of this case. Because the YMCA failed to assert an independent duty owed to it by defendant, Supreme Court properly dismissed this cross claim.

We reach a different result with respect to the dismissal of the YMCA's cross claim for indemnification. " 'Indemnity * * * involves an attempt to shift the entire loss from one who is compelled to pay for a loss, without regard to his own fault, to another person who should more properly bear responsibility for that loss' " *(State of New York Facilities Dev. Corp. v Kallman & McKinnell, Russo & Sonder, 121 AD2d 805, 806*, quoting *County of Westchester v Becket Assocs., 102 AD2d 34, 46-47, affd 66 NY2d 642)*. Where, as here, the right to indemnification is not expressly provided by the parties' contract, the right may be implied by law to prevent an unfair result or the unjust enrichment of one party at the expense of the other *(see, Mas v Two Bridges Assocs., 75 NY2d 680, 690; County of Westchester v Becket Assocs., supra, at 47)*. One theory of liability advanced by plaintiff is negligent failure to maintain the parking lot, a claim which, under the circumstances, involves vicarious liability on the part of the YMCA because of its snow removal contract with defendant. Were plaintiff to be successful on this claim against the YMCA by imputation of law, equitable principles would warrant a recovery in indemnity notwithstanding a separate finding of negligence against the YMCA premised upon another theory of liability *(see, Mas v Two Bridges Assocs., supra, at 690)*. Therefore, we find that Supreme Court erred in dismissing the YMCA's cross claim for indemnification.

Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by defendant Spinnenweber Construction Company, Inc. for summary judgment dismissing the cross claim seeking indemnification; motion denied to that extent; and, as so modified, affirmed.

GENERAL ELECTRIC COMPANY et al., Appellants-Respon-