■ ANTONIO ALVAREZ, Appellant, v CORPUS CHRISTI ROMAN CATHOLIC CHURCH, Respondent. (And a Third-Party Action.) [642 NYS2d 263] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about January 31, 1995, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant contracted with third-party defendant L. Lange, Inc., to deliver and install a new boiler in defendant's premises. L. Lange, Inc. subcontracted the work to third-party defendant A.L. Eastmond & Sons, plaintiff's employer. While carrying a piece of the boiler down a flight of stairs, plaintiff's ankle turned because the piece weighed more than he expected and a co-worker lost his grip on the piece; the piece fell, injuring plaintiff. The record plainly establishes that the accident was caused by plaintiff's unpreparedness for the weight of the piece, and possibly an allegedly improper item of equipment (a wrench) used by the co-worker who lost his grip on the piece, not the narrowness of the staircase. "It is settled law that where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law." (*Lombardi v Stout*, 80 NY2d 290, 295.) Nor may liability be predicated on the theory that plaintiff was a third-party beneficiary of the contract between defendant and the contractor, L. Lange, Inc. (*see, Bourk v National Cleaning*, 174 AD2d 827, *lv denied* 78 NY2d 858). Concur—Wallach, J. P., Ross, Williams and Mazzarelli, JJ.