■ Guy Neil, Appellant, v City of New York et al., Defendants, and Gene Nemeth, Respondent. (And Third-Party Actions.) [642 NYS2d 661] —Order, Supreme Court, New York County (Walter Tolub, J.), entered November 10, 1994, which granted defendant Nemeth's motion for summary judgment dismissing the complaint and all cross-claims against him, unanimously affirmed, without costs.

In this slip and fall personal injury action, the IAS Court properly granted summary judgment dismissing the complaint against defendant, who had contracted with plaintiff's employer to provide interior design services.

"To limit an open-ended range of tort duty arising out of contractual breaches, injured noncontracting parties must show that the 'performance of contractual obligation [between others] has induced detrimental reliance [by them] on continued performance and inaction would result not "merely in withholding a benefit, but positively or actively in working an injury" ' (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226, *supra*, citing *Moch Co. v Rensselaer Water Co.*,

247 NY 160, 167, *supra*). The nexus for a tort relationship between the defendant's contractual obligation and the injured noncontracting plaintiff's reliance and injury must be direct and demonstrable, not incidental or merely collateral [citations omitted]." (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 587.)

Here, there was no showing whatever of plaintiff's detrimental reliance on defendant's continued performance. Defendant's performance was completed prior to plaintiff's presence as an employee at the restaurant where the alleged accident occurred. Thus, the facts are distinguishable from those in *Palka v Servicemaster Mgt. Servs. Corp. (supra),* where the defendant contracted to supervise a preventative maintenance program which particularly included the inspection and repair of the wall-mounted fans, one of which fell and injured the plaintiff (*supra,* at 584). Nor was there evidence that defendant's actions had " 'launched a force or instrument of harm' " (*Bourk v National Cleaning,* 174 AD2d 827, 828, *lv denied* 78 NY2d 858).

We have considered plaintiff's other contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Rubin and Nardelli, JJ.