■ ELIZABETH A. PIERI et al., Respondents, v FOREST CITY ENTERPRISES, INC., et al., Appellants. (Appeal No. 1.) [661 NYS2d 133] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Elizabeth A. Pieri (plaintiff) was injured when she slipped and fell on a patch of ice in the parking lot of the Boulevard Mall in Amherst, New York. The Mall property is owned by defendant Forest City Enterprises, Inc. (Enterprises), and the Mall parking areas are managed, maintained and under the control of defendant Forest City Management, Inc. (Management). The Mall itself is managed and maintained by defendant Boulevard Mall Co. (Boulevard). Management hired defendant E & R Williams, Inc. (E & R), to plow, remove snow and salt the parking lots at the Mall.

Plaintiff and her husband commenced this action against Enterprises, Management and Boulevard (Forest City defendants), alleging that each entity was negligent in the design, construction and maintenance of the parking lot area where plaintiff fell. Plaintiffs also allege that E & R was negligent in performing snow and ice maintenance of that parking lot area. The Forest City defendants cross-claimed against E & R for

breach of its contractual duty to maintain liability insurance naming them as additional insureds, and Management separately cross-claimed against E & R for contractual indemnification. E & R cross-claimed against the Forest City defendants for contribution. The Forest City defendants and E & R moved for summary judgment dismissing the complaint. Additionally, in their motion the Forest City defendants moved for summary judgment on their cross claims, and E & R in its motion moved for summary judgment dismissing those cross claims. Supreme Court denied the motions.

The court erred in denying the motion of E & R for summary judgment dismissing the complaint against it. The evidence establishes that Management retained control over maintenance of the Mall parking lots and provided daily snow and ice inspection and removal in those lots. The snow removal contract required E & R to remove snow at the Mall parking areas only when requested by Management, and Management supervised, inspected and approved E & R's work. Because E & R did not have the exclusive responsibility for snow and ice removal, its assumption of the limited contractual duty to remove snow did not relieve the landowner of its duty to maintain the property in a reasonably safe condition (*see, Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 826; *cf., Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579). Plaintiffs submitted no evidence that E & R assumed a duty to plaintiff or that she detrimentally relied on E & R's continued performance of snow removal operations (*see, Phillips v Young Men's Christian Assn., supra,* at 826; *Downes v Equitable Life Assur. Socy.*, 209 AD2d 769; *Bourk v National Cleaning*, 174 AD2d 827, 828, *lv denied* 78 NY2d 858).

Because the Forest City defendants failed to sustain their initial burden of negating the existence of triable issues of fact (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562), the court properly denied their motion for summary judgment dismissing the complaint irrespective of the sufficiency of plaintiffs' opposing papers (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

The court also properly denied the motions with respect to the cross claims of the Forest City defendants. Although E & R failed to name the Forest City defendants as additional insureds on its liability policy, factual issues exist whether the Forest City defendants waived that contractual requirement (*see, Hayes v Crane Hogan Structural Sys.*, 191 AD2d 978, 979). With respect to the cross claim for contractual indemnifica-

tion, we agree with the Forest City defendants that the snow removal contract is not a contract for the maintenance of a "building, structure, appurtenances and appliances" and, thus, that General Obligations Law § 5-322.1 (1) does not apply. Nevertheless, because factual issues exist whether the liability, if any, of Management to plaintiffs "resulted directly or indirectly from * * * performance of this Contract", Management is not entitled to summary judgment on its cross claim.

Thus, we modify the order by granting the motion of E & R for summary judgment dismissing the complaint against it. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.