tion, we agree with the Forest City defendants that the snow removal contract is not a contract for the maintenance of a "building, structure, appurtenances and appliances" and, thus, that General Obligations Law § 5-322.1 (1) does not apply. Nevertheless, because factual issues exist whether the liability, if any, of Management to plaintiffs "resulted directly or indirectly from * * * performance of this Contract", Management is not entitled to summary judgment on its cross claim.

Thus, we modify the order by granting the motion of E & R for summary judgment dismissing the complaint against it. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.

■ ELIZABETH A. PIERI et al., Plaintiffs, v FOREST CITY ENTERPRISES, INC., et al., Appellants, and E & R WILLIAMS, INC., Respondent. (Appeal No. 2.) [661 NYS2d 546] —Order unanimously affirmed without costs. Same Memorandum as in *Pieri v Forest City Enters.* (238 AD2d 911 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.

■ ELIZABETH A. PIERI et al., Plaintiffs, v FOREST CITY ENTERPRISES, INC., et al., Respondents, and E & R WILLIAMS, INC., Appellant. (Appeal No. 3.) [661 NYS2d 547] —Order unanimously affirmed without costs. Same Memorandum as in *Pieri v Forest City Enters.* (238 AD2d 911 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Notaro, J.— Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.

■ KATHLEEN M. LAPENTA et al., Appellants, v LOCA-BIK LTEE TRANSPORT et al., Respondents. (Appeal No. 1.) [661 NYS2d 132] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Kathleen M. LaPenta (plaintiff) was injured when the automobile she was operating collided with a tractor-trailer as it was backing into the driveway of a parking lot. Thereafter, plaintiff and her husband commenced this action against the owner, defendant Loca-Bik Ltee Transport, and operator, defendant Sylvain Rehel. The jury returned a verdict of no cause of action. Plaintiffs contend that certain errors by Supreme Court require a new trial. We agree.

The court erred in permitting a police officer to testify that he made a notation on the police accident report that a "causing [sic] factor for the accident" was plaintiff's "inattention."