■ JoAnn Mussi, Appellant, v County of Suffolk, et al., Defendants and Third-Party Plaintiffs-Respondents. Fiorini Landscape, Inc., Third-Party Defendant-Respondent. [669 NYS2d 861] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 31, 1996, as (1) granted that branch of the motion of the defendant third-party defendant which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) granted those branches of the respective cross motions of the defendants third-party plaintiffs which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the cross motions of the defendants third-party plaintiffs which were for summary judgment dismissing the complaint insofar as as-

serted against them and substituting therefor a provision denying the cross motions; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendants third-party plaintiffs appearing separately and filing separate briefs.

As the plaintiff was leaving Family Court at the Cohalan Court Complex, she began to walk across a grassy area that was adjacent to the main walkway to get back to her car. The grassy area was covered with snow, and according to the plaintiff, she chose to walk on that area because the main walkway was slippery with patches of ice. After the plaintiff took a few steps, she slipped and fell and sustained injuries.

Questions of fact exist, *inter alia,* as to whether the defendant County of Suffolk provided a safe path for access to the courthouse. In addition, it cannot be determined on this record whether the defendant Laro Maintenance Corporation assumed a duty of reasonable care to the injured plaintiff. Accordingly, those branches of the respective cross motions of the defendants County of Suffolk and Laro Maintenance Corporation, which were for summary judgment dismissing the complaint insofar as asserted against them, should have been denied.

However, that branch of the motion of the defendant Fiorini Landscape, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it was properly granted because it did not assume a duty of reasonable care to the injured plaintiff (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220; *Keshavarz v Murphy,* 242 AD2d 680; *Autrino v Hausrath's Landscape Maintenance,* 231 AD2d 943; *Phillips v Young Men's Christian Assn.,* 215 AD2d 825, 826; *Bourk v National Cleaning,* 174 AD2d 827). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.