■ ANTHONY HARTONO, Appellant, v COLLINS LUMBER CORPORATION, Respondent, et al., Defendant. [675 NYS2d 699] —Mercure, J. Appeal from that part of an order of the Supreme Court (Ceresia, Jr., J.), entered October 1, 1997 in Rensselaer

County, which granted defendant Collins Lumber Corporation's motion for summary judgment dismissing the complaint against it.

Plaintiff sustained the injuries forming the basis for this negligence action when he slipped and fell in his apartment complex parking lot in the City of Troy, Rensselaer County, on January 16, 1996. Plaintiff's claim of liability against defendant Collins Lumber Corporation (hereinafter defendant) arises out of defendant's oral snowplowing contract with plaintiff's landlord, which provided that defendant was to plow the parking lot each time it snowed two or more inches. The evidence adduced on defendant's summary judgment motion established that there was a substantial snowfall in Troy on January 12 and 13, 1996 and that defendant plowed the parking lot on several occasions during the storm and continuing thereafter until January 15, 1996. Additional snow clearing efforts were undertaken by the landlord's employees, who operated snowblowers, shoveled snow and put down salt or sand when necessary. Plaintiff's accident took place a full day following the conclusion of defendant's snowplowing activity.

The dispositive issue on this appeal from Supreme Court's order granting summary judgment in favor of defendant is whether by its contract with the landlord, defendant "assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff" (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226; *see, Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 826; *Bourk v National Cleaning*, 174 AD2d 827, 828, *lv denied* 78 NY2d 858). We agree with Supreme Court's conclusion that the evidence adduced on the summary judgment motion discloses no such duty. As in our prior case of *Phillips v Young Men's Christian Assn.* (*supra,* at 826): "defendant's snow removal obligation was not the type of comprehensive and exclusive property maintenance [agreement] contemplated by the Court of Appeals in *Palka v Servicemaster Mgt. Servs. Corp.* (83 NY2d 579), which the parties could reasonably expect to displace [the property owner's] duty as a landowner to maintain the property safely".

To the contrary, it is evident that defendant owed its duty solely to plaintiff's landlord, for whom it was performing the services. The record demonstrates that the landlord's employees were responsible for sanding, salting and snowplowing those areas where defendant was unable to plow or was unable to remove all of the snow. Furthermore, the record is devoid of competent evidence to support a finding that defendant's performance of its contractual obligation induced any detrimental

reliance on plaintiff's part (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, *supra*, at 226; *Phillips v Young Men's Christian Assn.*, *supra*, at 826; *Bourk v National Cleaning*, *supra*, at 828).

As a final matter, we are unpersuaded that defendant failed to satisfy its initial burden of supporting its summary judgment motion with "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.