■ CYNTHIA RIEKERS et al., Respondents, v GOLD COAST PLAZA, Respondent, RITTENHOUSE LTD., Appellant, et al., Defendant. (And a Third-Party Action.) [679 NYS2d 709] —In an action to recover damages for personal injuries, etc., the defendant Rittenhouse Ltd. appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered October 31, 1997, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the appellant's motion which was to dismiss the complaint insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the complaint insofar as asserted against the appellant is dismissed.

The defendant Rittenhouse Ltd. (hereinafter Rittenhouse) did not assume a duty of reasonable care to the injured plaintiff by virtue of its snow removal contract with the defendant Gold Coast Plaza (hereinafter Gold Coast) (*see, Miranti v Brightwaters Racquet & Spa*, 246 AD2d 518; *Keshavarz v Murphy*, 242 AD2d 680; *see also, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226). Rittenhouse's limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation which the parties could have reasonably expected to displace Gold Coasts' duty, as a landowner, to maintain the property safely (*see, Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588; *Keshavarz v Murphy*, 242 AD2d 680, *supra*). "Further, the injured plaintiff has failed to produce any evidence of her detrimental reliance on [Rittenhouse's] performance of [its] snow removal obligation 'or that [its] actions had otherwise "advanced to such a point as to have launched a force or instrument of harm" ' " (*see, Keshavarz v Murphy, supra*, at 681, quoting *Bourk v National Cleaning*, 174 AD2d 827, 828).

Rittenhouse's argument, as to why the cross claims of Gold Coast asserted against it for contribution and indemnification should be dismissed, was not raised before the Supreme Court and is not properly before this Court (*see, Newgarden v Theoharidou*, 247 AD2d 367). Bracken, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.