■ DAVID BUGIADA, Respondent, v ROBERT IKO, Appellant. (And a Third-Party Action.) [710 NYS2d 117] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 5, 1999, which denied his motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion to amend the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

Where a snow removal contract is not a comprehensive and exclusive property maintenance obligation intended to displace

an employer's duty as a landowner to safely maintain the property, as a general rule the contractor owes no duty of reasonable care to prevent foreseeable harm to an injured plaintiff (*see, Pavlovich v Wade Assocs.,* 274 AD2d 382 [decided herewith]; *Riekers v Gold Coast Plaza,* 255 AD2d 373; *Girardi v Bank of N. Y. Co.,* 249 AD2d 443; *Boskey v Gazza Props.,* 248 AD2d 344; *Miranti v Brightwaters Racquet & Spa,* 246 AD2d 518; *Keshavarz v Murphy,* 242 AD2d 680). An exception to this general rule exists when the plaintiff detrimentally relies upon the contractor's continued performance of his contractual obligations or where the contractor's actions " 'advanced to such a point as to have launched a force or instrument of harm' " (*Bourk v National Cleaning,* 174 AD2d 827, 828, quoting *Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168; *see also, Riekers v Gold Coast Plaza, supra; Miranti v Brightwaters Racquet & Spa, supra; Keshavarz v Murphy, supra*).

Here, the contract between the defendant and the plaintiff's employer for snow removal was not sufficiently comprehensive or exclusive so as to displace the plaintiff's employer's duty as the landowner to maintain its property in a safe condition. Therefore, the defendant owed no duty to the plaintiff and the assertions that the defendant had notice of the dangerous condition, or created or exacerbated the condition, do not provide a basis for liability (*see, Bourk v National Cleaning, supra*). Additionally, there is no evidence in the record that the plaintiff detrimentally relied upon the defendant's continued performance of its contractual obligations or that the defendant launched a force or instrument of harm. Indeed, there is no evidence in the record that the plaintiff had any knowledge of the contract between his employer and the defendant for snow removal services. Further, the record indicates that the plaintiff did not rely upon any past performance by the defendant, but rather he relied upon his own observations of the conditions as they existed on the night of his accident. Accordingly, the plaintiff has no valid claim of detrimental reliance and the Supreme Court should have granted the defendant's motion dismissing the complaint in its entirety and denied the plaintiff's cross motion to amend the complaint. Bracken, J. P., Joy, McGinity and Feuerstein, JJ., concur.