■ DANIELLE DORESTANT et al., Respondents, v SNOW, INC., et al., Appellants. [712 NYS2d 131] —In an action to recover damages for personal injuries, etc., the defendants Snow, Inc., and Ernest James Thompson separately appeal from an order of

the Supreme Court, Queens County (Kitzes, J.), entered May 4, 1999, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof denying the motion of the defendant Snow, Inc., and substituting therefor a provision granting that motion and dismissing the complaint and all cross claims insofar as asserted against that appellant; as so modified, the order is affirmed, with one bill of costs to the defendant Snow, Inc., payable by the plaintiffs.

The plaintiff Danielle Dorestant allegedly suffered personal injuries when she slipped and fell on an ice-covered walkway on premises leased by her employer. Thereafter, she and her husband brought the instant action against the defendant Snow, Inc. (hereinafter Snow), which had contracted with the injured plaintiff's employer to remove snow from the premises, and the owner of the subject premises.

The Supreme Court improperly denied Snow's motion for summary judgment. The snow removal contract between Snow and the plaintiff's employer was not a comprehensive maintenance obligation which the parties could reasonably have expected to displace the duty of the plaintiff's employer to safely maintain the property (*see, Riekers v Gold Coast Plaza,* 255 AD2d 373, 374; *Girardi v Bank of N. Y. Co.,* 249 AD2d 443, 444; *Miranti v Brightwaters Racquet & Spa,* 246 AD2d 518, 519). Thus, Snow did not assume a duty of reasonable care to the injured plaintiff by virtue of the snow removal contract (*see, Bugiada v Iko,* 274 AD2d 368; *Pavlovich v Wade Assocs.,* 274 AD2d 382; *Keshavarz v Murphy,* 242 AD2d 680). Additionally, the Supreme Court incorrectly determined that an issue of fact exists as to whether the injured plaintiff detrimentally relied upon Snow's continued performance of its contractual obligations (*see, Bugiada v Iko, supra*; *Riekers v Gold Coast Plaza, supra*; *Girardi v Bank of N. Y. Co., supra*; *Miranti v Brightwaters Racquet & Spa, supra*). The injured plaintiff's deposition testimony establishes that she did not detrimentally rely upon any performance by Snow, but rather, that she relied on her own observations of the condition of the walkway as it existed on the morning of her accident (*see, Bugiada v Iko, supra*). Nor is there any evidence that Snow's actions had otherwise " 'advanced to such a point as to have launched a force or instrument of harm' " (*Bourk v National Cleaning,* 174 AD2d 827, 828, quoting *Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168). Therefore, Snow is entitled to

summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The Supreme Court, however, properly denied the landowner's motion for summary judgment. An out-of-possession landlord who retains the right to inspect the property may be liable for defects that violate State and local administrative codes (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559; *Worth Distribs. v Latham,* 59 NY2d 231; *Escobar v City of New York,* 248 AD2d 667). In the instant case, the plaintiffs submitted the affidavit of an expert witness who stated that the parking lot and the drainage system of the subject premises violated the Code of the Town of North Hempstead, and that such violations created the icy condition which caused the injured plaintiff to slip and fall. Bracken, J. P., Joy, Friedmann and Schmidt, JJ., concur.