■ VIOLETA ESPINAL, Respondent, v MELVILLE SNOW CONTRACTORS, INC., Appellant. (And a Third-Party Action.) [724 NYS2d 893] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated April 7, 2000, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, Violeta Espinal, allegedly slipped and fell on a patch of ice in the parking lot owned by her employer, Miltope Corporation (hereinafter Miltope). Espinal brought this action to recover damages for personal injuries against the defendant, Melville Snow Contractors, Inc. (hereinafter Melville), alleging that her accident was caused by its negligent performance under its snow removal contract with Miltope. The Supreme Court denied Melville's motion for summary judgment dismissing the complaint. We reverse.

In support of its motion, Melville demonstrated, prima facie, that it did not undertake a comprehensive and exclusive maintenance obligation intended to displace Miltope's duty as a landowner to safely maintain its property (*see, Pavlovich v Wade Assocs.*, 274 AD2d 382; *see also, Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579). In opposition, Espinal failed to raise a triable issue of fact as to whether she detrimentally relied on Melville's performance of its contractual obligations (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220), or whether its actions had "advanced to such a point as to have launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168). Thus, Espinal was not owed a duty of care by Melville (*see, Eaves Brooks Costume Co.*

*v Y.B.H. Realty Corp., supra*; *Bugiada v Iko,* 274 AD2d 368), and her allegation that it created or exacerbated the hazardous condition did not provide a basis for liability *(see, Pavlovich v Wade Assocs., supra)*. Therefore, Melville's motion should have been granted *(see, Dorestant v Snow, Inc.,* 274 AD2d 542; *McKeown v Stanan Mgt. Corp.,* 274 AD2d 460; *Bugiada v Iko, supra)*. O'Brien, J. P., Friedmann, Feuerstein and Cozier, JJ., concur.