■ DOUGLAS GOR et al., Appellants, v HIGH VIEW ESTATES OWNERS CORP. et al., Respondents. [793 NYS2d 98]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated March 30, 2004, as granted that branch of the motion of the defendant Mid-Hudson Landscaping & Maintenance, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the separate motion of the defendants High View Estates Owners Corp. and Spinnaker Management, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

The injured plaintiff slipped and fell on snow and ice in a parking lot on premises owned by the defendant High View Estates Owners Corp. (hereinafter High View) and managed by the defendant Spinnaker Management, LLC (hereinafter Spinnaker). The defendant Mid-Hudson Landscaping & Maintenance, Inc. (hereinafter Mid-Hudson), was under contract to perform snow removal work at the premises.

High View and Spinnaker established their prima facie entitlement to summary judgment by demonstrating that there was ongoing precipitation at the time of the injured plaintiff's accident, and that an adequate amount of time had not passed for them to remedy any hazardous condition resulting from the accumulation of snow and ice (*see Dowden v Long Is. R.R.,* 305 AD2d 631 [2003]; *Whitt v St. John's Episcopal Hosp.,* 258 AD2d 648 [1999]; *Arcuri v Vitolo,* 196 AD2d 519 [1993]). In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of the motion of High View and Spinnaker which was for summary judgment dismissing the complaint insofar as asserted against them.

Mid-Hudson also established its prima facie entitlement to judgment as a matter of law by demonstrating that it owed no duty to the injured plaintiff since the snow removal contract was not the type of comprehensive and exclusive property management contract which entirely displaced High View's duty to safely maintain the premises (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136 [2002]; *Riekers v Gold Coast Plaza,* 255 AD2d 373 [1998]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether they detrimentally relied on the continued performance of Mid-Hudson's contractual duties (*see Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220 [1990]; *Riekers v Gold Coast Plaza, supra*). Accordingly, the Supreme Court properly granted that branch of Mid-Hudson's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Florio, J.P., H. Miller, Cozier and S. Miller, JJ., concur.