(February 28, 2006)

■ MARIA MERCEDES AGUILAR, Appellant, v RECKSON ASSOCIATES REALTY CORP., Defendant and Third-Party Plaintiff-Respondent. L&L GARDENS, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [810 NYS2d 513]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated August 24, 2004, which granted the separate motions of the defendant Reckson Associates Realty Corp. and the third-party defendant L&L Gardens, Inc., for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff slipped and fell on ice on the exterior stairs of a building managed by the defendant Reckson Associates Realty Corp. Pursuant to a written snow removal contract, the third-party defendant L&L Gardens, Inc., performed snow and ice removal services on the premises. The Supreme Court granted the respective motions of those parties for summary judgment dismissing the complaint. We affirm.

A party in control of real property may not be held liable for accidents occurring as a result of the accumulation of snow or ice on its premises until an adequate period of time has passed following the cessation of a storm to allow the party to remedy the hazardous condition (*see Gor v High View Estates Owners Corp.*, 17 AD3d 316 [2005], *lv denied* 5 NY3d 709 [2005]; *Dowden v Long Is. R.R.*, 305 AD2d 631 [2003]).

The defendant and L&L Gardens, Inc., established their prima facie entitlement to summary judgment with evidence of the plaintiff's own observations that there was ongoing precipitation at the time of the accident. In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted the motions for summary judgment dismissing the complaint. Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.