# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1177**
**CA 16-00010**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

BARBARA TULLY, ALSO KNOWN AS BARBARA BIELLE,
PLAINTIFF,

           V                                          MEMORANDUM AND ORDER

TRANSITOWN SOUTH ASSOCIATES, LLC, TRANSITOWN
PLAZA ASSOCIATES, LLC, GIAN PROPERTIES, LLC,
AND GIAN PROPERTIES LIMITED PARTNERSHIP,
DEFENDANTS.
------------------------------------------------------
TRANSITOWN SOUTH ASSOCIATES, LLC, TRANSITOWN
PLAZA ASSOCIATES, LLC, GIAN PROPERTIES, LLC,
AND GIAN PROPERTIES LIMITED PARTNERSHIP,
THIRD-PARTY PLAINTIFFS-RESPONDENTS,

           V

TIGER STRIPE, LLC, THIRD-PARTY DEFENDANT-APPELLANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RICHARD T. SARAF OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

SUGARMAN LAW FIRM, LLP, BUFFALO (MICHAEL RIEHLER OF COUNSEL), FOR
THIRD-PARTY PLAINTIFFS-RESPONDENTS.

---

    Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 8, 2015. The order, insofar as appealed from, granted that part of the motion of defendants-third-party plaintiffs seeking an order requiring third-party defendant to defend and indemnify them and pay their attorneys' fees.

    It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, and that part of the motion of defendants-third-party plaintiffs seeking an order requiring third-party defendant to defend and indemnify them and pay their attorneys' fees is denied.

    Memorandum: Third-party defendant, Tiger Stripe, LLC (Tiger Stripe), appeals from an order that, inter alia, granted in part the motion of defendants-third-party plaintiffs (defendants) for summary judgment and ordered Tiger Stripe to defend and indemnify defendants and pay their attorneys' fees. Tiger Stripe contends that defendants failed to establish as a matter of law that they are entitled to contractual indemnification. We agree. The snow-removal services

contract required Tiger Stripe to indemnify defendants against claims "arising out of or resulting from performance of services under [the] Contract," including claims attributable to bodily injury "caused in whole or in part by acts or omissions" of Tiger Stripe.  Inasmuch as there are issues of fact concerning the alleged culpability of Tiger Stripe, we conclude that Supreme Court erred in granting that part of the motion (*see Johnson v Wal-Mart*, 125 AD3d 1468, 1469; *Pieri v Forest City Enters.*, 238 AD2d 911, 913).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court