■ LESLIE J. MURPHY, Plaintiff, v LONGVIEW OWNERS, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. RAVIKOFF ENTERPRISES, INC., Third-Party Defendant-Appellant. [786 NYS2d 96]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered June 3, 2003, as denied that branch of its motion which was for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The third-party defendant, Ravikoff Enterprises, Inc. (hereinafter REI), failed to establish its entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]) since questions of fact exist as to whether the painting contract at issue was entered into by the defendant M. Ravikoff Associates, Inc. (hereinafter Ravikoff), or REI. Questions of fact also exist as to whether the indemnification clause in the management agreement between the defendant Longview Owners, Inc., and Ravikoff was intended to apply to maintenance work done by Ravikoff and subsequently, REI, outside the scope of the management agreement. In addition, causes of action for contractual indemnification and to recover damages for breach of contract to procure insurance are not barred by Workers' Compensation Law § 11 (see Bardouille v Structure-Tone, Inc., 282 AD2d 635, 637 [2001]). Therefore, the Supreme Court properly denied that branch of REI's motion which was for summary judgment dismissing the third-party complaint. Florio, J.P., H. Miller, S. Miller and Spolzino, JJ., concur.