■ DANA DAVIS, Plaintiff, v ALL STATE ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents. BUENA VISTA THEATRICAL PRODUCTIONS, LTD., Third-Party Defendant-Appellant. [806 NYS2d 669]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated December 13, 2004, as denied that branch of its motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant and third-party plaintiff Broadway Palace Theatre Company (hereinafter the owner) owned the Palace Theatre, located in New York City. The third-party defendant, Buena Vista Theatrical Productions, Ltd. (hereinafter Buena Vista), was the licensee of the theater, and was staging a production of the musical "Aida." The plaintiff was employed by B.V. Theatrical Ventures, Inc., formerly known as Theatrical Ventures, Inc. (hereinafter Ventures), as a dresser to assist actors with their costumes. Ventures was an independent contractor retained by Buena Vista to perform certain functions in the production of Aida.

The plaintiff allegedly sustained injuries while leaving the stage area, when her foot became caught in a torn rubber mat placed on the top landing of a nearby staircase, causing her to fall. At his examination before trial, Dixon Rosario, the owner's theater manager, testified that the "wardrobe department," employed by Buena Vista, placed the rubber mats on the staircase landing where the plaintiff allegedly fell.

The license between the owner and Buena Vista provided that Buena Vista was obligated to "release, indemnify and/or hold [the owner] safe and harmless with respect to any claim, demand or liability including reasonable attorneys' fees, as a result of . . . the carelessness, negligence or improper conduct of [Buena Vista], its agents, contractors, employees or invitees for any loss, damage and/or injury to any property, person or thing owned, rented or *brought into the theatre by [Buena Vista], its agents and employees*" (emphasis added).

Buena Vista failed to demonstrate its prima facie entitlement

to judgment as a matter of law dismissing the third-party cause of action for contractual indemnification (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Tonking v Port Auth. of N.Y. & N.J.,* 3 NY3d 486, 490 [2004]; *see Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491 [1989]).

Contrary to Buena Vista's contention, the plaintiff's accident triggered the indemnification provision in the license. Buena Vista retained Ventures, thus, the plaintiff, as Ventures' employee, was "brought into the theatre" by Buena Vista and/or its agent, as contemplated by that provision. In addition, there was deposition testimony that Buena Vista installed the subject mat. Since the language of the indemnification provision demonstrated that the parties intended the owner to be indemnified by Buena Vista against all liability arising out of Ventures' or Buena Vista's negligence (*see generally Vey v Port Auth. of N.Y. & N. J.,* 54 NY2d 221 [1981]), Buena Vista failed to meet its burden for summary judgment (*see Alvarez v Prospect Hosp., supra* at 324).

Moreover, contrary to Buena Vista's contention, absent a finding of negligence on the part of the owner, the prohibition against indemnifying a party for its own negligence pursuant to General Obligations Law § 5-322.1 is inapplicable (*see Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 179 [1990]). Since Buena Vista failed to establish, prima facie, the owner's fault, if any, in the happening of the accident, summary judgment dismissing the third-party cause of action for contractual indemnification would have been improper (*see Brennan v R.C. Dolner, Inc.,* 14 AD3d 639 [2005]; *Maxwell v Toys "R" Us,* 258 AD2d 630 [1999]). Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.