■ Sandro Farduchi, Plaintiff, v United Artists Theatre Circuit, Inc., et al., Appellants, and Construction of New York, Inc., Respondent, et al., Defendants. [804 NYS2d 786]—

In an action to recover damages for personal injuries, the defendants United Artists Theatre Circuit, Inc., and Street Retail Forest Hills I, LLC, appeal from an order of the Supreme Court, Queens County (Golar, J.), dated April 14, 2004, which denied their motion for summary judgment on their cross claims for common-law and contractual indemnification, including insurance and defense costs, insofar as asserted against the defendant Pepco Construction of New York, Inc.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied summary judgment to United Artists Theatre Circuit, Inc., and Street Retail Forest Hills I, LLC (hereinafter collectively the Owners), on their cross claims against the general contractor, Pepco Construction of New York, Inc. (hereinafter Pepco), because a triable issue of fact existed as to Pepco's alleged negligence and that of its subcontractors and sub-subcontractors, and as to whether Pepco exclusively supervised and controlled the work area where the accident occurred. Thus, even though the Owners' liability was purely statutory and vicarious, conditional summary judgment for common-law indemnification would have been premature (*see Perri v Gilbert Johnson Enters., Ltd.,* 14 AD3d 681, 685 [2005]; *Hernandez v Two E. End Ave. Apt. Corp.,* 303 AD2d 556, 558 [2003]). Moreover, because the subject contract required indemnification only where there was negligence on the part of the contractor or its agents, summary judgment for contractual indemnification would also have been premature (*see Kader v City of N.Y., Hous. Preserv. & Dev.,* 16 AD3d 461, 463 [2005]).

The plaintiff's contention that he is entitled to summary judgment on his cause of action alleging a violation of Labor Law § 241 (6) is not properly before this Court (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425 [1996]). Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur.