■ MICHELLE L. WATTERS et al., Plaintiffs, v R.D. BRANCH ASSOCIATES, LP, Defendant and Third-Party Plaintiff-Respondent. G.K. INDUSTRIES CORP., Third-Party Defendant-Appellant. [816 NYS2d 193]—

In an action to recover damages for personal injuries, etc., the third-party defendant, G.K. Industries Corp., appeals from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 28, 2005, which granted the motion of the defendant third-party plaintiff, R.D. Branch Associates, LP, for summary judgment on the third-party complaint, and (2) a judgment of the same court entered June 1, 2005, which, upon the order, is in favor of the third-party plaintiff and against it on the "third-party complaint for contractual indemnity."

Ordered that the appeal from so much of the order as granted that branch of the motion which was for summary judgment on the cause of action to recover damages for contractual indemnification is dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified by deleting therefrom the provision granting that branch of the motion which was for summary judgment on the cause of action to recover damages for common-law indemnification, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, so much of the order as granted that branch of the motion which was for summary judgment on the

cause of action to recover damages for contractual indemnification is vacated, and that branch of the motion is denied.

The appeal from so much of the intermediate order as granted that branch of the motion which was for summary judgment on the cause of action to recover damages for contractual indemnification must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that part of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On January 2, 2001 the plaintiff Michelle Watters allegedly slipped and fell on snow and ice while walking in the parking lot of a shopping mall owned by the defendant third-party plaintiff, R.D. Branch Associates, LP (hereinafter Branch). She and her husband, Peter A. Watters, subsequently commenced this action against Branch, alleging it was negligent in its care and maintenance of the parking lot.

In October 2000 Branch had contracted with G.K. Industries (hereinafter GK) for GK to remove the snow from that parking lot. Branch, in turn, commenced a third-party action against GK. The third-party complaint alleged, in effect, separate causes of action for contractual and common-law indemnification for any damages Branch might be found liable for in the main action, as well as a cause of action to recover damages for breach of contract for the alleged failure of GK to procure insurance coverage, as required by a provision in the snow-removal contract (hereinafter the contract).

By order dated January 28, 2005, the Supreme Court determined that under the circumstances of this case, Branch had established its entitlement to judgment as a matter of law on its complaint, and granted Branch's motion for summary judgment on the third-party complaint. Thereafter, on June 1, 2005, a judgment was entered in Branch's favor on the cause of action for contractual indemnification.

Contrary to GK's contention, the indemnification provision in the contract is enforceable as a matter of law if Branch is found to be free of any negligence as regards the plaintiffs' claim (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786 [1997]; *Brown v Two Exch. Plaza Partners,* 76 NY2d 172 [1990]; *see also Davis v All State Assoc.,* 23 AD3d 607 [2005]). Branch failed to establish as a matter of law that it was free from such negligence and that GK was solely responsible for the accident. Therefore, the Supreme Court's award of summary judgment to Branch on its first cause of action, premised on the

contractual indemnification provision in the contract, is premature (*see Brown v Two Exch. Plaza Partners, supra; Boskey v Gazza Props.*, 248 AD2d 344 [1998]). Summary judgment on Branch's cause of action for common-law indemnification is also premature for the same reason (*see Baratta v Home Depot USA*, 303 AD2d 434 [2003]; *see also Farduchi v United Artists Theatre Circuit, Inc.*, 23 AD3d 613 [2005]).

However, Branch established its entitlement to summary judgment on its cause of action alleging that GK breached the contractual provision requiring GK to procure insurance naming Branch as an additional insured (*see Kinney v Lisk Co.*, 76 NY2d 215 [1990]; *Taylor v Doral Inn*, 293 AD2d 524 [2002]; *Tkacs v Dominion Constr. Corp.*, 278 AD2d 486 [2000]; *cf. Richardson v Matarese*, 206 AD2d 354 [1994]). In response, GK failed to raise a triable issue of fact regarding its compliance with this obligation. GK's bald allegation that Branch waived compliance with this provision is insufficient to raise a triable issue of fact with regard thereto (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Kershis v City of New York*, 303 AD2d 643 [2003]). Prudenti, P.J., Florio, Krausman and Mastro, JJ., concur.