■ JOSE CASTILLA, Plaintiff, v K.A.B. REALTY, INC., Defendant and Third-Party Plaintiff-Appellant. MARIN CONSTRUCTION CORP., Third-Party Defendant-Respondent. [829 NYS2d 691]—

In an action to recover damages for personal injuries, the defendant and third-party plaintiff, K.A.B. Realty, Inc., appeals from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated September 6, 2005, as denied that branch of its motion which was for summary judgment on its third-party causes of action for common-law and contractual indemnification and, in effect, for damages for breach of contract.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant and third-party plaintiff which was for summary judgment on its third-party cause of action for contractual indemnification and substituting therefor a provision granting that branch of the motion, and (2) by adding a provision thereto, upon searching the record, awarding the third-party defendant summary judgment dismissing the third-party cause of action for common-law indemnification; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly was injured by a dangerous and defective electric saw while working on a construction and renovation project in a building owned by the defendant third-party plaintiff K.A.B. Realty, Inc. (hereinafter KAB). He commenced this action against KAB to recover damages for personal injuries, alleging negligence and violations of the Labor Law. KAB commenced a third-party action against Marin Construction Corp. (hereinafter Marin), with whom it had entered into a written contract to perform the work, seeking common-law and contractual indemnification, and, in effect, damages for Marin's alleged breach of its contractual obligation to obtain insurance. After significant disclosure, KAB moved, inter alia, for summary judgment on its third-party complaint, arguing, among

other things, that its liability, if any, was wholly vicarious. In opposition, Marin argued, inter alia, that the plaintiff was its special employee and, therefore, a cause of action for common-law indemnification was barred by the exclusivity provisions of the Workers' Compensation Law. Further, Marin asserted, the indemnity clause of the contract between it and KAB, even if otherwise enforceable, purported to require Marin to indemnify KAB for KAB's own negligence and, therefore, was void under General Obligations Law § 5-322.1 (1). The Supreme Court, inter alia, denied those branches of KAB's motion which were for summary judgment on its third-party causes of action for common-law and contractual indemnification, finding issues of fact. We modify.

In support of those branches of its motion which were for summary judgment on its third-party causes of action for common-law and contractual indemnification, KAB demonstrated, prima facie, that it was neither negligent in the happening of the accident, nor had the authority to supervise, direct, or control the manner of the work that caused the injury (*see Brown v Two Exch. Plaza Partners,* 76 NY2d 172 [1990]; *Damiani v Federated Dept. Stores, Inc.,* 23 AD3d 329 [2005]). In opposition, Marin failed to raise a triable issue of fact. However, in its opposition papers, Marin did demonstrate, prima facie, that the plaintiff was its special employee at the time of the accident and, therefore, that Marin was the plaintiff's employer within the meaning of the Workers' Compensation Law (*see Thompson v Grumman Aerospace Corp.,* 78 NY2d 553 [1991]). In reply to Marin's showing, KAB failed to raise a triable issue of fact. Thus, the Supreme Court should have searched the record, and awarded Marin summary judgment dismissing KAB's third-party cause of action for common-law indemnification, as that cause of action was barred by the exclusivity provisions of the Workers' Compensation Law (*see* Workers' Compensation Law §§ 11, 29 [6]; *Thompson v Grumman Aerospace Corp., supra*).

However, KAB's third-party cause of action for contractual indemnification was not similarly barred. The exclusivity provisions of section 11 of the Workers' Compensation Law do not vitiate a provision in a written contract, entered into prior to the accident or occurrence, by which an employer expressly agrees to provide indemnification (*see Rodrigues v N & S Bldg. Contrs., Inc.,* 5 NY3d 427 [2005]; *Flores v Lower E. Side Serv. Ctr., Inc.,* 4 NY3d 363 [2005]; *Murphy v Longview Owners, Inc.,* 13 AD3d 346 [2004]). Further, in light of KAB's unrebutted prima facie demonstration, inter alia, that it was not negligent

in the happening of the plaintiff's accident, General Obligations Law § 5-322.1 is inapplicable (*see Davis v All State Assoc.*, 23 AD3d 607 [2005]). Thus, KAB was entitled to summary judgment on its third-party cause of action for contractual indemnification.

However, in support of that branch of its motion which was for summary judgment on its third-party cause of action, in effect, to recover damages for breach of contract, KAB failed to demonstrate a prima facie entitlement to judgment as a matter of law (*see McArthur v Muhammad*, 27 AD3d 532 [2006]). Thus, that branch of the motion was properly denied regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *McArthur v Muhammad, supra*). Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.