PAT RODDY, Plaintiff, v NEDERLANDER PRODUCING COMPANY OF AMERICA, INC., et al., Appellants, and ABHANN PRODUCTIONS, INC., et al., Respondents. [844 NYS2d 231]—

Order, Supreme Court, New York County (Louis B. York, J.), entered March 8, 2007, which denied defendant Gershwin Theatre's motion for summary judgment on its contractual indemnification claim against former defendant Abhann Productions, unanimously reversed, on the law, with costs, and conditional summary judgment granted on that claim.

Summary relief is appropriate on a claim for contractual indemnification where, as here, the license agreement is unambiguous and clearly sets forth the parties' intention that a licensee indemnify the licensor for the injuries sustained (*see Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427 [2005]; *Karp v Federated Dept. Stores*, 301 AD2d 574 [2003]). Gershwin established such prima facie entitlement by demonstrating, through deposition testimony and other evidence, that the fogger machines and floor that caused plaintiff's injury were under the exclusive control of Abhann, and that Abhann had directed every aspect of the work through which plaintiff was injured (*see Matter of New York City Asbestos Litig.*, 41 AD3d 299, 302-303 [2007]). Abhann failed to meet its burden of establishing the existence of an issue of fact in this regard (*see Nicholas v EPO-Harvey Apts., Ltd. Partnership*, 31 AD3d 1174 [2006]).

In light of the unrebutted prima facie demonstration that Gershwin was not negligent in the occurrence of the accident, General Obligations Law § 5-322.1 is inapplicable (*see Castilla v K.A.B. Realty, Inc.*, 37 AD3d 510 [2007]; *Davis v All State Assoc.*, 23 AD3d 607 [2005]). We further note that that section does not prohibit indemnity where, as here, a lessor and lessee freely enter into an indemnification agreement whereby they use insurance to allocate between themselves the risk of liability to third parties (*see Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 161 [1977]; *Duane Reade v 405 Lexington, L.L.C.*, 22 AD3d 108 [2005]).

Conditional summary judgment is appropriate here notwithstanding the fact that a judgment has yet to be rendered or paid by Nederlander or Gershwin in the main action, since it serves the interest of justice and judicial economy in affording the indemnitee "the earliest possible determination as to the extent

to which he may expect to be reimbursed" (*McCabe v Queensboro Farm Prods.*, 22 NY2d 204, 208 [1968]; *see also Lowe v Dollar Tree Stores, Inc.*, 40 AD3d 264 [2007]).

The court properly denied Gershwin's application for counsel fees on its motion for contractual indemnification, since neither the licensing agreement in question nor the general rule provides for it (*see Chapel v Mitchell*, 84 NY2d 345, 349 [1994]; *State of New York v Rice Mohawk U.S. Constr. Co.*, 262 AD2d 114 [1999]; *Perchinsky v State of New York*, 232 AD2d 34, 39-40 [1997], *lv dismissed* 91 NY2d 830 [1997], *lv denied* 93 NY2d 812 [1999]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Nardelli, Sweeny and Catterson, JJ.