■ JUDITH POWELL, Plaintiff, v CVS JERUSALEM NORTH BELLMORE, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents. SNOW MANAGEMENT GROUP, Third-Party Defendant-Appellant, and EXECUTIVE CLEANING CONTRACTORS, INC., Third-Party Defendant-Respondent. [896 NYS2d 139]—

In an action to recover damages for personal injuries, the third-party defendant Snow Management Group appeals from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated March 28, 2008, as denied its motion for summary judgment dismissing the third-party complaint insofar as asserted against it and granted that branch of the motion of

the defendants/third-party plaintiffs which was for summary judgment on the issue of Snow Management Group's liability for breach of contract for failure to procure insurance.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff fell while descending the handicap ramp of a parking lot owned by the defendant Bellmore Holding Co., Inc. (hereinafter Bellmore Holding), and leased to the defendant CVS Pharmacy (hereinafter CVS), allegedly due to a defect where the ramp met the parking lot. CVS and Bellmore asserted third-party claims against, among others, the appellant Snow Management Group (hereinafter SMG), for common-law and contractual indemnification, and to recover damages for breach of contract for failure to procure insurance. The third-party claims against SMG were grounded on allegations that, during the course of snow removal efforts, SMG negligently damaged that portion of the premises where the plaintiff was injured.

Factual issues as to the cause and location of the alleged defect which gave rise to the plaintiff's injuries preclude the award of summary judgment dismissing the third-party claims for contractual and common-law indemnification insofar as asserted against SMG (see Watters v R.D. Branch Assoc., LP, 30 AD3d 408 [2006]; Baratta v Home Depot USA, 303 AD2d 434 [2003]; Boskey v Gazza Props., 248 AD2d 344 [1998]).

Moreover, in opposition to the defendants third-party plaintiffs' prima facie establishment of their entitlement to judgment as a matter of law, based on SMG's failure to procure insurance naming it as an additional insured, SMG failed to submit evidentiary proof in admissible form sufficient to raise a triable issue of fact (see Chaehee Jung v Kum Gang, Inc., 22 AD3d 441 [2005]).

The remaining contentions of SMG are without merit. Fisher, J.P., Miller, Eng and Hall, JJ., concur. **[Prior Case History: 2008 NY Slip Op 31047(U).]**