Hong-Bao Ren v Gioia St. Marks, LLC (2018 NY Slip Op 05520)





Hong-Bao Ren v Gioia St. Marks, LLC


2018 NY Slip Op 05520


Decided on July 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 26, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


6193 157230/14

[*1]Hong-Bao Ren, Plaintiff-Appellant-Respondent,
v
Gioia St. Marks, LLC, et al., Defendants-Respondents-Appellants, ACO Bakery Incorporation doing business as Spot Dessert Bar initially sued herein as Sun Dessert Bar, Defendant.
Gioia St. Marks, LLC, et al., Third-Party Plaintiffs-Appellants-Respondents,
v
Eight Oranges Inc., Third-Party Defendant-Respondent-Appellant. 
[And a Second Third-Party Action]


The Altman Law Firm, PLLC, New York (Michael T. Altman of counsel), for appellant-respondent.
Rubin, Fiorella & Friedman LLP, New York (Stewart B. Greenspan of counsel), for Gioia St. Marks, LLC, Gioia Equities Inc. and Anthony Gioia, respondents-appellants/appellants-respondents.
Law Office of Theresa B. Marangas, PLLC, Loudonville (Theresa B. Marangas of counsel), for Eight Orange Inc., respondent-appellant/respondent-appellant.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered January 24, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment against defendants Gioia St. Marks, LLC and defendant Eight Oranges Incorporation on the Labor Law § 240(1) claim, denied Gioia's motion for summary judgment dismissing the Labor Law § 240(1) claim as against it and for conditional summary judgment on its claim for contractual indemnification against Eight Oranges, and denied Eight Oranges's motion for summary judgment dismissing the complaint and cross claims for indemnification as against it, unanimously modified, to the extent of granting plaintiff's motion for partial summary judgment against defendants Gioia and Eight Oranges on the Labor Law § 240(1) claim, and granting conditional summary judgment to Gioia on its claim for contractual indemnification against Eight Oranges, and otherwise affirmed, without costs.
Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124 [2015]; see Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991]). "The purpose of the statute is to protect workers by placing ultimate [*2]responsibility for safety practices on owners and contractors instead of on workers themselves'" (Saint v Syracuse Supply Co., 25 NY3d at 124).
On the date of plaintiff's accident, he was working on a kitchen renovation project at a restaurant owned by defendant Eight Oranges, which leased the space from defendant landlord Gioia. Plaintiff was crouching on top of a ventilator, which he had secured to a ceiling beam, and was in the process of attempting to remove the ventilator by attaching to it a 60 pound derrick rig when the ventilator tilted and became detached from the wall, causing plaintiff to fall to the ground.
Contrary to plaintiff's contention, the ventilator he was standing on and disassembling when he fell was not a safety device; it was the object of the demolition project on which he was employed, and was not intended to protect him from elevation-related risks (cf. Berrios v 735 Ave. of the Ams., LLC, 82 AD3d 552, 553 [1st Dept 2011] [plaintiff entitled to protection under Labor Law § 240(1) where component of structure he was working on that would become second floor of building "flipped," causing him to fall]).
Plaintiff also indicated during his deposition testimony that while standing on the eight-foot A-frame ladder that was provided he was unable to reach the area to secure the 60 pound derrick rig, which was required to remove the ventilator. Indeed, plaintiff testified that it was "impossible to perform this job if I stood on the ladder." In response, defendants failed to raise an issue of fact. Thus, plaintiff is entitled to summary judgment on his Labor Law § 240(1) claim because he was not provided with a proper safety device during the demolition project.
The motion court properly found that Eight Oranges, the tenant engaged in renovations of the premises at the time of plaintiff's fall, failed to establish prima facie that the Labor Law §§ 241(6) and 200 and common law negligence claims should be dismissed as against it.
The motion court should have granted conditional summary judgment in favor of Gioia on its cross claim for contractual indemnification. "Summary relief is appropriate on a claim for contractual indemnification where, as here, the [lease] is unambiguous and clearly sets forth the parties' intention that a [tenant] indemnify the [landlord] for the injuries sustained" (Roddy v Nederlander Producing Co. of Am., Inc., 44 AD3d 556, 556 [1st Dept 2007]). The indemnification provision in the parties' lease here provides,
"The Tenant agrees to indemnify and hold Landlord free and harmless from any claim of damage or injury occurring or arising to any person or persons or property on, in or about the demised premises or the sidewalk in front of same caused by the Tenant."
Despite Eight Oranges' argument to the contrary, this indemnification provision does not require a finding of negligence on the part of the tenant before it is triggered. Nor does it violate General Obligations Law § 5-321, "since a finding of liability under Labor Law § 240 is not the equivalent of a finding of negligence and does not give rise to an inference of negligence" (Eccleston v Berakha, 233 AD2d 417 [2d Dept 1996]; see also Masciotta v Morse Diesel Intl., 303 AD2d 309, 311-312 [1st Dept 2003] [addressing General Obligations Law § 5-322.1 which pertains to contractors and subcontractors]). It is clear from the contractual language at issue that the landlord, Gioia, intended to be indemnified by the tenant, Eight Oranges, for any "damage or injury occurring or arising to any person" on the property, that is caused by the tenant.
Moreover, conditional summary judgment is appropriate here even when judgment has yet to be rendered or paid in the main action, "since it serves the interest of justice and judicial [*3]economy in affording the indemnitee the earliest possible determination as to the extent to which he may expect to be reimbursed'" (Roddy v Nederlander, 44 AD3d at 556-557, quoting McCabe v Queensboro Farm Prods., 22 NY2d 204, 208 [1968]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 26, 2018
CLERK