■ LUNA A. DENTON, Appellant, v L.M. KLEIN MIDDLE SCHOOL et al., Respondents. [651 NYS2d 60] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered November 30, 1995, which granted the defendants' motion for summary judgment dismissing the complaint, and (2), as limited by her brief, from so much of an order of the same court, entered January 16, 1996, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered November 30, 1995, is dismissed, as that order was superseded by the order entered January 16, 1996, made upon reargument; and it is further,

Ordered that the order entered January 16, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff, a school bus driver, slipped and fell on the steps of the defendant L.M. Klein Middle School. According to the plaintiff, the steps were covered with ice and several inches of snow at the time of the accident. The defendants moved for summary judgment dismissing the complaint on the ground that the storm which caused the snow and ice to accumulate on the steps was still in progress when the plaintiff fell.

In opposition to the defendants' motion for summary judgment, the plaintiff submitted deposition testimony that the day before the accident, she observed that the steps were covered with snow. Although it was error for the Supreme Court to characterize this evidence as "mere allegations" *(see, Harris v City of New York,* 147 AD2d 186, 189), it does not raise a triable issue of fact as to whether the *ice* and snow that the plaintiff claims caused her to fall were the result of a previous storm. This evidence merely establishes that there was snow on the steps the day before the plaintiff fell. It fails to establish that there was ice on the steps the previous day, the origin of the ice, and that the defendants had notice of or a sufficient time to remedy the alleged dangerous condition on the steps on the day of the accident *(see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972). In the absence of any proof that the ice was not the product of the snowstorm that was in progress when the plaintiff fell, it is not a condition from which negligence by the defendants can reasonably be inferred *(see, Drake v Prudential Ins. Co.,* 153 AD2d 924, 925). Moreover, in her affidavit in support of her motion for reargument, the plaintiff admitted that she did not know about the ice until she fell on it. Thus, her contention that it was there the day before the accident is mere speculation.

We have considered the appellant's remaining contentions and find them to be without merit. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.