■ DORIS BOSKEY et al., Respondents, v GAZZA PROPERTIES, INC., Defendant, and BLOCKBUSTER VIDEOS, INC., Defendant

and Third-Party Plaintiff-Respondent-Appellant. R & S ISLAND LANDSCAPING, INC., Third-Party Defendant-Appellant-Respondent. [669 NYS2d 624] —In an action to recover damages for personal injuries, etc., the defendant third-party defendant R & S Island Landscaping, Inc., appeals from (1) stated portions of a decision of the Supreme Court, Suffolk County (Underwood, J.), dated December 26, 1996, and (2) so much of an order and judgment (one paper) of the same court entered April 28, 1997, as denied its motion to dismiss the second amended complaint and third-party complaint insofar as asserted against it, and the defendant third-party plaintiff cross-appeals from so much of the order and judgment as denied its cross motion to dismiss the second amended complaint and all cross claims insofar as asserted against it, or for summary judgment on the third-party complaint.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order and judgment is modified, on the law, by deleting therefrom the provision denying that branch of the motion of the defendant third-party defendant R & S Island Landscaping, Inc., which was for summary judgment dismissing the second amended complaint insofar as it is asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the contention of the defendant third-party plaintiff Blockbuster Videos, Inc. (hereinafter Blockbuster), the Supreme Court properly denied its cross motion for summary judgment dismissing the plaintiffs' second amended complaint insofar as asserted against it. The evidence submitted by Blockbuster failed to demonstrate as a matter of law that the ice upon which the injured plaintiff fell was the result of an ongoing storm, which Blockbuster had no reasonable opportunity to remedy (*cf., Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Denton v Klein Middle School,* 234 AD2d 257; *Kay v Flying Goose,* 203 AD2d 332). Rather, issues of fact exist regarding when and how the condition formed as well as whether Blockbuster took reasonable steps to remedy the condition once its employees learned of its existence (*see generally, Nikolic v Valley Stream Cent. High School Dist.,* 240 AD2d 551).

The Supreme Court also acted properly in denying both

Blockbuster's alternative request for summary judgment in its favor on its third-party complaint for indemnification against the defendant third-party defendant R & S Island Landscaping, Inc. (hereinafter R & S), and that branch of the motion by R & S which was for summary judgment dismissing the third-party complaint. In addition to the issues regarding whether Blockbuster acted negligently, questions of fact exist with respect to whether R & S was negligent in the performance of the snow-removal services for which Blockbuster retained it. Under these circumstances, summary disposition of the indemnification claim would be inappropriate (*see, Phillips v Young Men's Christian Assn.,* 215 AD2d 825).

However, we agree with R & S that the plaintiffs' second amended complaint should be dismissed insofar as asserted against it. Regardless of whether R & S exercised due care in its performance of snow-removal services, neither the agreement it had with Blockbuster nor the surrounding circumstances suggest that R & S assumed a duty toward the plaintiffs to maintain the property in a reasonably safe condition, or that the plaintiffs detrimentally relied upon the continued performance by R & S of its contractual obligations (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220; *Keshavarz v Murphy,* 242 AD2d 680; *Autrino v Hausrath's Landscape Maintenance,* 231 AD2d 943; *Phillips v Young Men's Christian Assn., supra*). O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.