(August 31, 1998)

■ ROSETTA CAPOLONGO et al., Respondents, v JOSEPH VULTAGGIO, Appellant. [677 NYS2d 172] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered December 3, 1997, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs,

the defendant's motion is granted, and the complaint is dismissed.

On February 1, 1994, during an ongoing snowstorm, the plaintiff Rosetta Capolongo slipped and fell while walking on the defendant's driveway. After depositions were completed, the defendant moved for summary judgment dismissing the complaint, contending that the plaintiff fell on snow that had accumulated during the ongoing storm. Therefore, the defendant argued, he was not liable for damages due to the fall since he had no notice of any alleged snow or ice and, in any event, did not have sufficient time to clear it. The Supreme Court denied the motion, essentially finding the existence of factual questions as to whether there was a prior uncleared accumulation of ice and snow of which the defendant had actual or constructive knowledge. We disagree, and therefore reverse.

It is undisputed that a snowstorm was in progress at the time that the injured plaintiff slipped and fell on the defendant's driveway. The vague testimony by both plaintiffs as to the existence of a slippery and/or icy spot at the approximate location where she fell, together with similarly vague testimony by the defendant as to the amount of ice that was present that year, and how "it just seemed like nothing ever melted" that year, was insufficient to meet the plaintiffs' burden of showing that there was a factual question as to the existence of a prior icy condition and the defendant's knowledge, either actual or constructive, of that condition (*see, Denton v Klein Middle School,* 234 AD2d 257; *Bertman v Board of Mgrs.,* 233 AD2d 283; *see generally, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *cf., Boskey v Gazza Props.,* 248 AD2d 344). Thus, the defendant's motion for summary judgment dismissing the complaint should have been granted. Bracken, J. P., Rosenblatt, Ritter and Florio, JJ., concur.