■ JOVANKA PAVLOVICH et al., Respondents, v WADE ASSOCIATES, INC., Defendant, and OPERATION SNOW, Appellant. [710 NYS2d 615] —In an action to recover damages for personal injuries, etc., the defendant Operation Snow appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated June 8, 1999, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted, and the action is dismissed in its entirety.

The injured plaintiff allegedly slipped and fell on ice in her employer's parking lot. She and her husband subsequently commenced this action against, among others, the appellant, which had a contract with the employer to provide snow removal services.

The appellant did not assume a duty to exercise reasonable care to prevent foreseeable harm to the injured plaintiff by

virtue of its snow removal contract with her employer. Its limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation intended to displace the employer's duty as a landowner to safely maintain the property (*see, Bugiada v Iko,* 274 AD2d 368 [decided herewith]; *Riekers v Gold Coast Plaza,* 255 AD2d 373; *Girardi v Bank of N. Y. Co.,* 249 AD2d 443; *Boskey v Gazza Props.,* 248 AD2d 344; *Autrino v Hausrath's Landscape Maintenance,* 231 AD2d 943; *Bourk v National Cleaning,* 174 AD2d 827). There is no evidence that the injured plaintiff detrimentally relied on the appellant's performance (*see, Riekers v Gold Coast Plaza, supra*; *Miranti v Brightwaters Racquet & Spa,* 246 AD2d 518; *Downes v Equitable Life Assur. Socy.,* 209 AD2d 769), or that the appellant's actions "had otherwise 'advanced to such a point as to have launched a force or instrument of harm' " (*Bourk v National Cleaning, supra,* at 828, quoting *Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168; *see, Riekers v Gold Coast Plaza, supra*; *Miranti v Brightwaters Racquet & Spa, supra*). Further, the plaintiffs' assertion that the appellant created or exacerbated a hazardous condition does not provide a basis for liability in this case (*see, Riekers v Gold Coast Plaza, supra*; *Girardi v Bank of N. Y. Co., supra*; *Boskey v Gazza Props., supra*; *but see, Genen v Metro-North Commuter R. R.,* 261 AD2d 211). Consequently, the Supreme Court erred in denying summary judgment dismissing the complaint insofar as asserted against the appellant.

In light of our determination, it is unnecessary to address the appellant's remaining contention that it had no actual or constructive notice of the icy condition. Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.