■ NIEVES CASTRO, Respondent, v MAPLE RUN CONDOMINIUM ASSOCIATION, Respondent, and R.J. LANDSCAPING DESIGN, INC., Appellant. [837 NYS2d 729]—

In an action to recover damages for personal injuries, the defendant R.J. Landscaping Design, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated January 18, 2006, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, the motion of the defendant R.J. Landscaping Design, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant R.J. Landscaping Design, Inc.

On December 25 and 26, 2002 after approximately seven inches of snow had fallen, the defendant R.J. Landscaping Design, Inc. (hereinafter R.J. Landscaping), plowed the roadway of the Maple Run Condominium Association (hereinafter Maple Run), pursuant to a snow removal contract. Although R.J. Landscaping had applied salt and sand after previous storms, it did not apply any on this occasion because it determined there

would not be an icy condition and no one from Maple Run instructed it to do so. On December 28, 2002 the plaintiff was injured when she slipped and fell on ice while she was walking from Maple Run's roadway to the driveway of her condominium unit. She commenced this action alleging that R.J. Landscaping negligently removed the snow from the premises and Maple Run failed to keep it in a reasonably safe condition. R.J. Landscaping moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, arguing that it owed no duty to the plaintiff under its snow removal contract. Maple Run subsequently moved for summary judgment dismissing the complaint on the ground that it lacked notice of any icy condition and for summary judgment on its cross claims for contribution and indemnification. The Supreme Court denied R.J. Landscaping's motion, finding there was a triable issue of fact as to whether the plaintiff had relied upon R.J. Landscaping's previous salting and sanding of the roadway. The Supreme Court denied Maple Run's motion as untimely, finding that no good cause had been shown for the delay.

Generally, a snow removal contractor's contractual obligation, standing alone, will not give rise to tort liability in favor of third parties unless: (1) the snow removal contractor, in failing to exercise reasonable care in the performance of its duties, launched a force or instrument of harm; (2) the plaintiff detrimentally relied on the continued performance of the snow removal contractor's duties; or (3) the snow removal contractor has entirely displaced the owner's duty to maintain the premises safely (see *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

The Supreme Court erred in denying the motion of R.J. Landscaping. Review of the snow removal contract reveals that it was not a comprehensive and exclusive property maintenance obligation intended to displace Maple Run's general duty, as the owner, to keep the premises in a safe condition (see *Linarello v Colin Serv. Sys., Inc.*, 31 AD3d 396, 397 [2006]; *Gaitan v Regional Maintenance Corp.*, 6 AD3d 495 [2004]). Moreover, there is no evidence that the plaintiff detrimentally relied on R.J. Landscaping's continued performance of its contractual obligations since the plaintiff testified that she didn't have any knowledge of the snow removal contract (see *Bugiada v Iko*, 274 AD2d 368, 369 [2000]; *Riekers v Gold Coast Plaza*, 255 AD2d 373, 374 [1998]). Finally, there is no evidence that R.J. Landscaping launched a force or instrument of harm and thus created or exacerbated a hazardous condition since there is nothing in the record establishing that the icy condition existed

when the contractor plowed the snow from the roadway two days before the plaintiff's accident (*see Espinal v Melville Snow Contrs., supra* at 142; *DeCurtis v T.H. Assoc.*, 241 AD2d 536 [1997]). In opposition, the plaintiff's conclusory assertion that the icy condition was caused by negligent snow removal was insufficient to raise a triable issue of fact (*see Yannotti v Four Bros. Homes at Heartland Condominium I*, 24 AD3d 659, 660 [2005]; *Zabbia v Westwood, LLC*, 18 AD3d 542, 544 [2005]). Likewise, the affidavit of the plaintiff's expert was insufficient since "it merely addressed general conditions in the vicinity rather than the origin of the specific ice on which the plaintiff fell" (*Reagan v Hartsdale Tenants Corp.*, 27 AD3d 716, 718 [2006]). Therefore, the Supreme Court should have granted R.J. Landscaping's motion for summary judgment dismissing the complaint and all cross claims insofar asserted against it.

To the extent that Maple Run argues that the Supreme Court erred in denying, as untimely, its motion, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and for summary judgment on its cross claims for contribution and common-law indemnification, such arguments are not properly before this Court since Maple Run did not file a notice of appeal from the order (*see* CPLR 5515; *Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *Damiani v Federated Dept. Stores, Inc.*, 23 AD3d 329, 332 [2005]) Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.