■ WAYNE J. BICKELMAN et al., Appellants, v HERRILL BOWLING CORP., Doing Business as HERRILL LANES, et al., Respondents, et al., Defendant. (And a Third-Party Action.) [853 NYS2d 383]—

The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Generally, a snow removal contractor's contractual obligation, standing alone, will not give rise to tort liability in favor of third parties unless: (1) the snow removal contractor, in failing to exercise reasonable care in the performance of its duties, launched a force or instrument of harm; (2) the plaintiff detrimentally relied on the continued performance of the snow removal contractor's duties; or (3) the snow removal contract has entirely displaced the landowner's duty to safely maintain the premises (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 413 [2007]). On his motion for summary judgment, the defendant Frank Polito, who entered into a snow removal contract with the defendant Herrill Bowling Corp., doing business as Herrill Lanes (hereinafter Herrill), to plow Herrill's premises, demonstrated his prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Polito established that the contract was not a comprehensive and exclusive property maintenance obligation intended to displace Herrill's duty to maintain the premises in a reasonably safe condition (*see Castro v Maple Run Condominium Assn.*, 41 AD3d at 413; *Cochrane v Warwick Assoc.*, 282 AD2d 567, 568 [2001]; *Pavlovich v Wade Assoc.*, 274 AD2d 382, 383 [2000]; *Riekers v Gold Coast Plaza*, 255 AD2d 373, 374 [1998]). Polito also demonstrated that the injured plaintiff did not detrimentally rely on the continued performance of Polito's contractual duties (*see Castro v Maple Run Condominium Assn.*, 41 AD3d at 413; *Pavlovich v Wade Assoc.*, 274 AD2d at 383; *Riekers v Gold Coast Plaza*, 255 AD2d at 374). Finally, Polito established that he did not launch a force or instrument of harm

and thus create or exacerbate a hazardous condition (*see Castro v Maple Run Condominium Assn.*, 41 AD3d at 413; *Pavlovich v Wade Assoc.*, 274 AD2d at 383; *Riekers v Gold Coast Plaza*, 255 AD2d at 374). Since, in opposition, the plaintiffs failed to raise a triable issue of fact, the Supreme Court correctly granted Polito's motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

However, the Supreme Court should not have entertained Herrill's separate motion for summary judgment, which was untimely. Herrill failed to demonstrate good cause for its delay in making the motion (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *DiBenedetto v Lowe's Home Ctrs., Inc.*, 43 AD3d 853 [2007]). Contrary to Herrill's contention, the issues raised on its motion were not nearly identical to the issues raised on Polito's motion (*see Grande v Peteroy*, 39 AD3d 590, 591-592 [2007]; *Bressingham v Jamaica Hosp. Med. Ctr.*, 17 AD3d 496, 496-497 [2005]). Skelos, J.P., Fisher, Covello and Eng, JJ., concur.