■ Myra Lehman, Respondent, v North Greenwich Landscaping, LLC, Appellant, and Horton School Associates, Respondent. [887 NYS2d 136]—

In an action to recover damages for personal injuries, the de-

fendant North Greenwich Landscaping, LLC, appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered March 28, 2008, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

On February 26, 2003 the plaintiff allegedly slipped and fell on a patch of ice in a parking lot on property owned by the defendant Horton School Associates (hereinafter Horton). The plaintiff commenced this action to recover damages for personal injuries against both Horton and North Greenwich Landscaping, LLC (hereinafter North Greenwich), which provided snow removal services to Horton pursuant to an oral agreement. North Greenwich moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it owed no duty to the plaintiff under its snow removal contract. The Supreme Court denied the motion, finding that a triable issue of fact existed as to whether North Greenwich assumed a comprehensive and exclusive maintenance obligation at the property. We reverse.

Generally, a snow removal contractor's contractual obligation, standing alone, will not give rise to tort liability in favor of third parties unless: (1) the snow removal contractor, in failing to exercise reasonable care in the performance of its duties, launched a force or instrument of harm; (2) the plaintiff detrimentally relied on the continued performance of the snow removal contractor's duties; or (3) the snow removal contractor has entirely displaced the owner's duty to safely maintain the premises (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; Bickelman v Herrill Bowling Corp., 49 AD3d 578, 579 [2008]; Scott v Bergstol, 11 AD3d 526, 527 [2004]; Baratta v Home Depot USA, 303 AD2d 434 [2003]).

North Greenwich demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it owed no duty of care to the plaintiff (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition to the motion, no triable issue of fact was raised. Here, the limited contractual undertaking was not a comprehensive and exclusive property maintenance obligation intended to displace the landowner's duty to safely maintain the property (see Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 588 [1994]; Castro v Maple Run Condominium Assn., 41 AD3d 412, 413 [2007]; Pavlovich v Wade

*Assoc.*, 274 AD2d 382, 382-383 [2000]). Rather, it is undisputed that Horton retained some oversight of and participated in the snow removal process and, accordingly, North Greenwich did not entirely absorb Horton's duty as a landowner to safely maintain the premises (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d at 584).

Nor is there any evidence that the plaintiff detrimentally relied on North Greenwich's performance or that its actions "launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Baratta v Home Depot USA*, 303 AD2d at 434; *Pavlovich v Wade Assoc.*, 274 AD2d at 383). Therefore, the Supreme Court should have granted North Greenwich's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.