■ CLAIRE MATHEY et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants-Respondents, ALLRIGHT CORPORATION et al., Respondents, and SAMUEL COCKBURN & SONS, INC., Respondent-Appellant. [943 NYS2d 578]—

In an action to recover damages for personal injuries, etc., the defendants Metropolitan Transportation Authority and Metro-North Commuter Railroad Company appeal from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered January 14, 2011, as denied those branches of their motion which were for summary judgment on their cross claims for common-law indemnification and contractual indemnification against the defendants Allright Corporation, Central Parking System, Inc., and Samuel Cockburn & Sons, Inc., and the defendant Samuel Cockburn & Sons, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, granted that branch of the separate cross motion of the defendants Allright Corporation and Central Parking System, Inc., which was for summary judgment on the cross claim of those defendants against it for contractual indemnification, and, upon granting that branch of the motion of the defendants Metropolitan Transportation Authority and Metro-North Commuter Railroad Company which was for leave to amend their answer to assert a cross claim against it alleging breach of contract for failure to procure insurance, granted that branch of the motion of those defendants which was for summary judgment on that cross claim.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the cross motion of the defendant Samuel Cockburn & Sons, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that branch of its motion, (2) by deleting the provision thereof granting that branch of the separate cross motion of the defendants Allright Corporation and Central Parking System, Inc., which was for summary judgment on their cross claim against the defendant Samuel Cockburn & Sons, Inc., for contractual indemnification and substituting therefor a provision denying that branch of their motion, and (3) by deleting the provision thereof granting that branch of the motion of the defendants Metropol-

itan Transportation Authority and Metro-North Commuter Railroad Company which was for summary judgment on their cross claim against the defendant Samuel Cockburn & Sons, Inc., alleging breach of contract for failure to procure insurance and substituting therefor a provision denying that branch of their motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to Samuel Cockburn & Sons, Inc., by the plaintiffs, the defendants Metropolitan Transportation Authority and Metro-North Commuter Railroad Company, and the defendants Allright Corporation and Central Parking System, Inc., appearing separately and filing separate briefs.

At approximately 8:30 A.M. on February 1, 2008, the injured plaintiff allegedly slipped and fell on ice in the parking lot of the Cortlandt Station of the Metro-North commuter railroad. The plaintiff and her husband, suing derivatively (hereinafter together the plaintiffs), commenced this action against the defendants Metropolitan Transportation Authority and Metro-North Commuter Railroad Company (hereinafter together Metro-North), as well as against the defendants Allright Corporation and Central Parking System, Inc. (hereinafter together Allright), which operated the parking lot pursuant to a contract with Metro-North, and the defendant Samuel Cockburn & Sons, Inc. (hereinafter SCS), which had contracted with Allright to perform snow and ice removal at the parking lot. The evidence established that SCS cleared the parking lot of snow and placed it into areas designated by Metro-North, and deposited salt on ice in the parking lot on the morning of the injured plaintiff's fall. SCS also transmitted daily written "snow reports" to Allright, which monitored the condition of the lot. Metro-North retained the exclusive authority to direct that snow be removed from the snow storage areas.

Metro-North moved for summary judgment on its cross claims for contractual indemnification and common-law indemnification against Allright and SCS, for leave to amend its answer to assert cross claims against Allright and SCS alleging breach of contract for failure to procure commercial liability insurance, and for summary judgment thereon. SCS cross-moved for summary judgment dismissing the complaint and all cross claims asserted against it on the ground that it owed no duty to the injured plaintiff. Allright separately cross-moved for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its cross claims against SCS for contractual indemnification and common-law indemnification.

A contractor may be held liable for injuries to a third party

where, in undertaking to render services, the contractor entirely displaces the duty of the property owner to maintain the premises in a safe condition, the injured party relies on the contractor's continued performance under the agreement, or the contractor negligently creates or exacerbates a dangerous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210 [2010]; *Lehman v North Greenwich Landscaping, LLC*, 65 AD3d 1291, 1292 [2009], *affd* 16 NY3d 747 [2011]; *Pavlovich v Wade Assoc.*, 274 AD2d 382 [2000]; *Genen v Metro-North Commuter R.R.*, 261 AD2d 211 [1999]).

A party moving for summary judgment must demonstrate its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Having performed the duties required of it under the contract, and submitted proof that Metro-North had the exclusive right to direct the removal of excess snow from the snow storage areas, SCS demonstrated that the injured plaintiff was not a party to the snow and ice removal contract, and it did not owe a duty to her, thereby demonstrating its prima facie entitlement to judgment as a matter of law (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141-142; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210 [2010]; *Lehman v North Greenwich Landscaping, LLC*, 65 AD3d at 1292). Although not required to do so in connection with its prima facie showing of entitlement to judgment a matter of law, SCS nonetheless demonstrated that it neither created nor exacerbated the dangerous condition that allegedly caused the injured plaintiff to sustain injuries and did not entirely displace the duty of the landowner to safely maintain the premises (*see Foster v Herbert Slepoy Corp.*, 76 AD3d at 214). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether SCS's alleged negligence created or exacerbated the hazard which was a proximate cause of the injuries allegedly sustained so as to establish SCS's duty to the injured plaintiff, or to offer proof that SCS had displaced Metro-North's responsibility with respect to the safety of the parking lot (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141-142; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210 [2010]; *Lehman v North Greenwich Landscaping, LLC*, 65 AD3d at 1292). Accordingly, the Supreme Court should have granted that branch of SCS's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Metro-North met its prima facie burden of demonstrating its entitlement to judgment as a matter of law on its cross claims for contractual indemnification against Allright and SCS. In op-

position, however, triable issues of fact were raised as to whether Metro-North was negligent. Therefore, the Supreme Court properly denied that branch of Metro-North's motion which was for summary judgment on its cross claims for contractual indemnification against Allright and SCS. The Supreme Court properly denied that branch of Metro-North's motion which was for summary judgment on its cross claims for common-law indemnification, as Metro-North failed to establish its entitlement to judgment as a matter of law. The Supreme Court should have denied that branch of Allright's cross motion which was for summary judgment on its cross claim for contractual indemnification against SCS, as Allright failed to meet its prima facie burden, because there are triable issues of fact as to the negligence of Metro-North and Allright in connection with their monitoring of the snow removal process and the designation of the placement of the snow storage areas (*see Foster v Herbert Slepoy Corp.*, 76 AD3d at 216; *Watters v R.D. Branch Assoc., LP*, 30 AD3d 408 [2006]; *Boskey v Gazza Props.*, 248 AD2d 344, 346 [1998]).

Finally, Metro-North failed to meet its prima facie burden in moving for summary judgment on its cross claim against SCS alleging breach of contract for failure to procure insurance. Metro-North did not demonstrate that SCS failed to comply with the contractual provision to purchase commercial liability insurance naming Metro-North as an additional insured (*see DiBuono v Abbey, LLC*, 83 AD3d 650 [2011]; *Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738, 739 [2003]). Angiolillo, J.P., Lott, Roman and Miller, JJ., concur.