■ Richard LaGuarina et al., Respondents, v Metropolitan Transit Authority et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. Allright Corporation, Defendant and Third-Party Defendant/Second Third-Party Plaintiff-Appellant-Respondent, and Samuel Cockburn & Sons, Inc., Defendant and Second Third-Party Defendant-Respondent-Appellant, et al., Defendant. [971 NYS2d 173]—

In an action to recover damages for personal injuries, etc., the defendant and third-party defendant/second third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered January 6, 2012, as denied its motion for summary judgment

dismissing the amended complaint insofar as asserted against it and for summary judgment dismissing the third-party complaint, or, in the alternative, for summary judgment on the second cause of action asserted in its second third-party complaint; the defendant and second third-party defendant cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it and for summary judgment dismissing the second third-party complaint; and the defendants and third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were for summary judgment on the cause of action for contractual indemnification asserted against Allright Corporation in their third-party complaint and for summary judgment on their cross claim for contractual indemnification against Samuel Cockburn & Sons, Inc.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiffs by the appellants appearing separately and filing separate briefs.

The injured plaintiff allegedly slipped and fell while crossing over a mound of snow between the street and the sidewalk at the Metro-North commuter railroad station in Pelham. According to the injured plaintiff, mounds of snow had been piled partially in the parking area and partially at the curb, blocking pedestrian access to the sidewalk leading up to the station. The injured plaintiff, and his wife suing derivatively, commenced this action against the Metropolitan Transportation Authority and Metro-North Commuter Railroad Company (hereinafter together the Metro-North defendants), as well as against Allright Corporation (hereinafter Allright), which operated the parking lot pursuant to a contract with the Metro-North defendants, and Samuel Cockburn & Sons, Inc. (hereinafter SCS), which had contracted with Allright to perform snow and ice removal at the parking lot. Pursuant to the contract between Metro-North and Allright, Metro-North was responsible for clearing the snow on the sidewalk and Allright was responsible for clearing the snow in the parking area.

Allright moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it and for summary judgment dismissing the Metro-North defendants' claim for contractual indemnification against it, or, in the alternative, for summary judgment on its claims for common-law and contractual indemnification against SCS. SCS moved,

inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it and for summary judgment dismissing Allright's claims for common-law and contractual indemnification against it. The Metro-North defendants moved, inter alia, for summary judgment on their claims for contractual indemnification asserted against Allright and SCS. The Supreme Court denied the motions.

"Imposition of liability for a dangerous condition on property must be predicated upon occupancy, ownership, control, or special use of the premises" (*Velez v Captain Luna's Mar.*, 74 AD3d 1191, 1192 [2010]; *see Logatto v City of New York*, 51 AD3d 984 [2008]; *Canaan v Costco Wholesale Membership, Inc.*, 49 AD3d 583, 584-585 [2008]; *Schwalb v Kulaski*, 29 AD3d 563, 564 [2006]). " 'Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property' " (*Velez v Captain Luna's Mar.*, 74 AD3d at 1192, quoting *Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957 [1992]; *see Usman v Alexander's Rego Shopping Ctr., Inc.*, 11 AD3d 450, 451 [2004]).

Here, Allright alleges that it is only responsible for maintaining the parking area at the Pelham station, and that it is not responsible for maintaining the curb and sidewalk where the injured plaintiff allegedly fell. Contrary to Allright's contentions, it failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it, as the precise location of the injured plaintiff's fall cannot be determined from the record (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Moreover, there are triable issues of fact as to whether Allright had constructive notice of the hazard which allegedly caused the subject accident and whether Allright was negligent in failing to direct SCS to clear that hazard pursuant to the terms of Allright's contract with SCS. Accordingly, the Supreme Court properly denied that branch of Allright's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.

A contractor may be held liable for injuries to a third party where, in undertaking to render services, the contractor entirely displaces the duty of the property owner to maintain the premises in a safe condition, the injured party relies on the contractor's continued performance under the agreement, or the contractor negligently creates or exacerbates a dangerous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002]; *Mathey v Metropolitan Transp. Auth.*, 95 AD3d 842, 844-845 [2012]; *Foster v Herbert Slepoy Corp.*, 76 AD3d

210, 213 [2010]; *Lehman v North Greenwich Landscaping, LLC*, 65 AD3d 1291, 1292 [2009], *affd* 16 NY3d 747 [2011]; *Pavlovich v Wade Assoc.*, 274 AD2d 382, 382-383 [2000]). SCS demonstrated its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324) by demonstrating that the injured plaintiff was not a party to the snow and ice removal contract, and that it did not owe a duty to him (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141-142; *Mathey v Metropolitan Transp. Auth.*, 95 AD3d at 845; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 214). In opposition, however, the plaintiffs raised a triable issue of fact as to whether SCS's alleged negligence created or exacerbated the hazard which was a proximate cause of the accident (*see Gushin v Whispering Hills Condominium I*, 96 AD3d 721, 722 [2012]; *Elsey v Clark Trading Corp.*, 57 AD3d 1330, 1332 [2008]). Accordingly, the Supreme Court properly denied that branch of SCS's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.

The Supreme Court properly denied those branches of Allright's motion which were for summary judgment dismissing Metro-North's claim for contractual indemnification against it and for summary judgment on its claim for common-law and contractual indemnification against SCS, because triable issues of fact exist as to the alleged negligence of Allright, Metro-North, and SCS in creating and failing to clear the mound of snow which caused the injured plaintiff's fall (*see Mathey v Metropolitan Transp. Auth.*, 95 AD3d at 845; *Watters v R.D. Branch Assoc., LP*, 30 AD3d 408 [2006]; *Boskey v Gazza Props.*, 248 AD2d 344, 346 [1998]).

In light of the existence of triable issues of fact as to the negligence of Allright, Metro-North, and SCS, the Supreme Court also properly denied those branches of Metro-North's motion which were for summary judgment on its claims for common-law and contractual indemnification against Allright and SCS, and that branch of SCS's motion which was for summary judgment dismissing Allright's claim for common-law and contractual indemnification against it. Rivera, J.P., Skelos, Leventhal and Lott, JJ., concur.