■ JENNIFER GLOVER, Appellant, v JOHN TYLER ENTERPRISES, INC., et al., Defendants, and ONE-A CLEANING & MAINTENANCE CORP., Respondent. [999 NYS2d 150]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated January 17, 2014, which granted the motion of the defendant One-A Cleaning & Maintenance Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped on a wet floor at the premises of her employer. She commenced this action against, among others, One-A Cleaning and Maintenance Corp. (hereinafter One-A), which had contracted to provide cleaning services at the premises. After discovery was completed, One-A moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion, and the plaintiff appeals.

Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139 [2002]; *Bodenmiller v Thermo Tech Combustion, Inc.*, 80 AD3d 719, 719 [2011]; *Schwint v Bank St. Commons, LLC*, 74 AD3d 1312, 1313 [2010]). Nonetheless, the Court of Appeals has recognized three exceptions to this general rule: (1) where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced another party's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *Baker v Buckpitt*, 99 AD3d 1097, 1098 [2012]). As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those *Espinal* exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars (*see Mathey v Metropolitan Transp. Auth.*, 95 AD3d 842, 844 [2012]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Here, given the allegations in the complaint and the plaintiff's bill of particulars, One-A established its prima facie entitlement to judgment as a matter of law simply by offering sufficient proof that the plaintiff was not a party to its contract to clean the floor of the premises, and that it thus owed her no duty of care (*see Knox v*

*Sodexho Am., LLC*, 93 AD3d 642, 642 [2012]; *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d 899, 901 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Mathey v Metropolitan Transp. Auth.*, 95 AD3d at 844; *cf. Bunting v Haynes*, 104 AD3d 715, 716-717 [2013]). Accordingly, the Supreme Court properly granted One-A's motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.