Clements v Securitas Sec. Servs. USA, Inc. (2019 NY Slip Op 01738)





Clements v Securitas Sec. Servs. USA, Inc.


2019 NY Slip Op 01738


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-07526
 (Index No. 30154/14)

[*1]Shayla Clements, appellant, 
v
Securitas Security Services USA, Inc., et al., respondents.


Neimark & Neimark LLP, New City, NY (Ira H. Lapp of counsel), for appellant.
Marin Goodman, LLP, Harrison, NY (Alexander J. Drago of counsel), for respondent Securitas Security Services USA, Inc.
Mintzer Sarowitz Zeris Ledva & Meyers, LLP, New York, NY (Richard A. Gash of counsel), for respondent Brickman Group, Ltd., LLC.
Rende, Ryan & Downes, LLP, White Plains, NY (Roland T. Koke and Alissa Mendys of counsel), for respondent DTZ, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated June 10, 2016. The order granted the separate motions of the defendant DTZ, Inc., the defendant Brickman Group, Ltd., LLC, and the defendant Securitas Security Services USA, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the separate motions of the defendant Brickman Group, Ltd., LLC, and the defendant Securitas Security Services USA, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them, and substituting therefor a provision denying those motions as untimely; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the defendants Brickman Group, Ltd., LLC, and Security Services USA, Inc., and one bill of costs to the defendant DTZ, Inc., payable by the plaintiff.
The separate motions by the defendants Brickman, Group, Ltd., LLC, and Securitas Security Services USA, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them should have been denied as untimely (see CPLR 3212[a]; Brill v City of New York, 2 NY3d 648, 652). Contrary to their contentions, the issues raised on their untimely motions were not nearly identical to the issues raised on the timely motion of the defendant DTZ, Inc. (hereinafter DTZ), for summary judgment dismissing the complaint insofar as asserted against it (see Medina v R.M. Resources, 107 AD3d 859, 861; Podlaski v Long Is. Paneling Ctr. of Centereach, Inc., 58 AD3d 825, 827; Bickelman v Herrill Bowling Corp., 49 AD3d 578, 580).
DTZ established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it, and the plaintiff failed to raise a triable issue of fact in [*2]opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Although the affidavit submitted on behalf of DTZ, which authenticated the contracts attached to DTZ's motion papers, was signed and notarized out of state and was not accompanied by a certification in accordance with CPLR 2309(c), the defect was not fatal, as the plaintiff was not prejudiced thereby (see CPLR 2001; Matos v Salem Truck Leasing, 105 AD3d 916, 917; Rivers v Birnbaum, 102 AD3d 26, 44).
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court