Burger v Brickman Group Ltd., LLC (2019 NY Slip Op 05512)





Burger v Brickman Group Ltd., LLC


2019 NY Slip Op 05512


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-01536
 (Index No. 51661/14)

[*1]Jennifer Burger, appellant, 
v
Brickman Group Ltd., LLC, defendant third-party plaintiff-respondent, et al., defendant; Sorby Contracting, Inc., third-party defendant.


Klein & Folchetti, P.C. (Salenger Sack Kimmel & Bavaro, LLP, Woodbury, NY [Beth S. Gereg], of counsel), for appellant.
Chesney, Nicholas & Brower LLP, Syosset, NY (Gregory E. Brower of counsel), for defendant third-party plaintiff-respondent.
Burke, Conway & Dillon, White Plains, NY (Martin Galvin and Rose Harper of counsel), for third-party defendant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Mary H. Smith, J.), dated November 27, 2017. The judgment, insofar as appealed from, upon an order of the same court dated September 6, 2017, inter alia, granting that branch of the motion of the defendant Brickman Group Ltd., LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondent payable by the appellant.
On the afternoon of February 5, 2011, the plaintiff allegedly slipped and fell on ice in one of the parking lots at her place of employment. The defendant Brickman Group Ltd., LLC (hereinafter Brickman), provided maintenance services, including snow and ice removal services, at the premises pursuant to a written contract. The plaintiff commenced this personal injury action against Brickman and another defendant. Subsequently, Brickman moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it did not owe the plaintiff a duty of care. The Supreme Court, inter alia, granted that branch of Brickman's motion and issued a judgment, among other things, in favor of Brickman and against the plaintiff dismissing the complaint insofar as asserted against Brickman. The plaintiff appeals.
A contractual obligation, standing alone, generally will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or [*2]instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [citations and internal quotation marks omitted]). "As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those Espinal exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars" (Glover v John Tyler Enters., Inc., 123 AD3d 882, 882; see Barone v Nickerson, 140 AD3d 1100, 1101; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214).
Here, based upon the plaintiff's complaint and bill of particulars, Brickman established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that its limited service agreement with the owner of the premises was not a comprehensive and exclusive property maintenance obligation intended to displace the owner's duty to maintain the parking lot in a reasonably safe condition (see Bickelman v Herrill Bowling Corp., 49 AD3d 578, 579; Castro v Maple Run Condominium Assn., 41 AD3d 412, 413). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, it is not necessary to address the merits of the parties' remaining contentions.
Accordingly, we agree with the Supreme Court's determination to grant that branch of Brickman's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court