Uziel v Target Corp. (2021 NY Slip Op 04052)





Uziel v Target Corp.


2021 NY Slip Op 04052


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-13514
 (Index No. 10361/14)

[*1]Barbara Uziel, respondent, 
v
Target Corporation, defendant, All Jersey Janitorial Service NY, Inc., appellant.


O'Connor Redd Orlando LLP, Port Chester, NY (Amy L. Fenno and Jerri A. DeCamp of counsel), for appellant.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Christopher J. Soverow], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant All Jersey Janitorial Service NY, Inc., appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated October 4, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly sustained personal injuries when she slipped and fell while shopping in the cleaning products aisle of a Target department store. After falling, the plaintiff observed that the floor was wet with bleach. The deposition testimony of various witnesses indicated that the defendant All Jersey Janitorial Service NY, Inc. (hereinafter All Jersey), contracted with the defendant Target Corporation (hereinafter Target) to provide overnight janitorial and cleaning services, and to provide daytime porters to Target on an ad hoc basis on a schedule determined by Target.
The plaintiff commenced this action against the defendants alleging, inter alia, that they had negligently created the dangerous condition. Thereafter, All Jersey moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied All Jersey's motion, concluding, among other things, that there were triable issues of fact as to whether All Jersey created the dangerous condition. All Jersey appeals, and we affirm insofar as appealed from.
Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138; Glover v John Tyler Enters., Inc., 123 AD3d 882, 882). Nevertheless, insofar as relevant here, the Court of Appeals has recognized an exception to this general rule where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm (see Espinal v Melville Snow Contrs., 98 NY2d at 140; Glover v John Tyler Enters., Inc., 123 AD3d at [*2]882). "As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those Espinal exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars" (Glover v John Tyler Enters., Inc., 123 AD3d at 882).
Here, All Jersey submitted evidence which, it contended, demonstrated that it did not launch a force or instrument of harm. However, contrary to All Jersey's contention, it failed to affirmatively demonstrate, prima facie, that its daytime porters did not launch a force or instrument of harm, as it submitted no evidence regarding the janitorial services provided by All Jersey on the day of the accident (see Yvars v Marble Hgts. of Westchester, Inc., 158 AD3d 850, 851; Santos v Deanco Servs., Inc., 104 AD3d 933, 934).
Accordingly, the Supreme Court properly denied All Jersey's motion for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court