Bushneva v City of New York (2022 NY Slip Op 01437)





Bushneva v City of New York


2022 NY Slip Op 01437


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-06612
 (Index No. 100405/16)

[*1]Alina Bushneva, appellant, 
v
City of New York, defendant, Parking Systems Plus, Inc., respondent.


Krentsel & Guzman, LLP, New York, NY (Marcia K. Raicus and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated May 9, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Parking Systems Plus, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she slipped and fell on ice in a parking lot. She commenced this personal injury action against the defendant City of New York, the owner of the parking lot, and the defendant Parking Systems Plus, Inc. (hereinafter PSP), the manager of the parking lot. PSP moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it, contending, among other things, that it did not owe a duty of care to the plaintiff by virtue of its contract with the City. The Supreme Court, inter alia, granted that branch of the motion. The plaintiff appeals.
Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 138-139; Martinelli v Dublin Deck, Inc., 198 AD3d 635). However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons under certain circumstances set forth in Espinal v Melville Snow Contrs. (98 NY2d at 140). "As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those Espinal exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars" (Glover v John Tyler Enters., Inc., 123 AD3d 882, 882; see Uziel v Target Corp., 195 AD3d 978, 979).
Here, the plaintiff did not allege in the amended complaint or bill of particulars that any of the Espinal exceptions applied. PSP established its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff was not a party to the contract between it and the City, and that it thus owed her no duty of care (see Martinelli v Dublin Deck, Inc., 198AD3d 635; Glover v John Tyler Enters., Inc., 123 AD3d 882; Knox v Sodexho Am., LLC, 93 AD3d 642, [*2]642; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of PSP's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court